# EXHIBIT 1



U.S. Department of Justice

United States Attorney
Eastern District of New York

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

**By ECF**                                      February 15, 2024

Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Mulgrew v. United States Dep't of Transp.*, 24-cv-81 (DG)(JAM)

Dear Judge Gujarati:

  Defendants the United States Department of Transportation ("USDOT"), the Federal Highway Administration ("FHWA"), FHWA Administrator Shailen Bhatt, and Richard J. Marquis, FHWA New York Division Administrator (collectively, the "Federal Defendants") write in response to Defendant Metropolitan Transportation Administration's ("MTA") letter regarding a forthcoming request to transfer venue. *See* ECF No. 36. While Federal Defendants ultimately take no position on transfer of venue, for the following reasons they believe dismissal, rather than transfer, is the appropriate course of action for the Court to take here.

  Specifically, on February 8, 2024, Federal Defendants indicated their intent to move to dismiss Plaintiffs' claims under the National Environmental Policy Act ("NEPA") as time-barred and unripe, respectively. *See* ECF No. 27, Fed. Defs.' Pre-Motion Letter. Subsequently, MTA indicated that it intends to request transfer of this case to the Southern District of New York. *See* ECF No. 36.

  However, a district court's authority to transfer an action under 28 U.S.C. § 1404(a) depends in the first instance on the existence of subject matter jurisdiction. *See Levitt v. Maryland Deposit Ins. Fund Corp.*, 643 F. Supp. 1485, 1490 n.3 (E.D.N.Y. 1986) (Wexler, J.) ("Federal courts must . . . find the existence of subject-matter jurisdiction before they may entertain a motion to transfer."); *see also Leeds, Morelli & Brown, P.C. v. Hernandez*, No. 05-1135, 2005 WL 2148994, at *3 (E.D.N.Y. Sept. 6, 2005) (Irizarry, J.) (collecting cases). This principle applies even where parties jointly request a transfer of venue or stipulate to transfer. *See Shoham v. United Airlines, Inc.*, No. 22-5677, 2022 WL 13798296, at *3 (E.D.N.Y. Oct. 21, 2022) (Irizarry, J.).

  For the reasons discussed in Federal Defendants' pre-motion letter, this Court lacks jurisdiction over each of Plaintiffs' NEPA claims. *See* ECF No. 27, at 2-3. Where a court can determine that it lacks jurisdiction over a claim, the proper course is to dismiss on that ground. *See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 436 (2007); *see also Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 741 (S.D.N.Y. 2013) (explaining subject matter jurisdiction is "fundamentally preliminary" (citation omitted)); *Highland Vill. Parents Grp. v. U.S. Fed. Highway Admin.*, 562 F. Supp. 2d 857, 866 (E.D. Tex. 2008) (finding, where claim was time-barred under 23 U.S.C. § 139(l), that "[b]ecause this lawsuit is based on a Congressional waiver of sovereign immunity, this court's finding that the statute of

limitations bars the Plaintiff's claims compels the conclusion that the court lacks subject matter jurisdiction.").[1]

Nor does the other Parties' forthcoming stipulation obviate the need for the Court to first assess whether it has jurisdiction. Instead, "[t]he law is well established that a party's consent cannot by itself confer subject matter jurisdiction upon a court." *Woods v. Rondout Valley Central School Dist. Bd. of Ed.*, 466 F.3d 232, 238 (2d Cir. 2006).

Accordingly, the proper course of action is for the Court to dismiss, rather than transfer, Plaintiffs' claims (at least as to Federal Defendants).

    Respectfully submitted,

    BREON PEACE
    United States Attorney
    Eastern District of New York

By: */s/ Philip R. DePaul*
    PHILIP R. DePAUL
    MATTHEW SILVERMAN
    Assistant United States Attorneys
    (718) 254-7503
    philip.depaul@usdoj.gov

    TODD KIM
    Assistant Attorney General
    United States Department of Justice
    Environment & Natural Resources Division

    */s/ Gregory M. Cumming*
    GREGORY M. CUMMING
    SAMANTHA G. PELTZ
    Trial Attorneys
    Environment & Natural Resources Division
    Natural Resources Section
    (202) 305-0457
    gregory.cumming@usdoj.gov

cc: All Counsel (by ECF)

---

[1] Even if some of Plaintiffs' claims are instead subject to dismissal under Rule 12(b)(6), "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum [and] whether the claims alleged are likely to have merit . . . ." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008); *see also Daniel v. Am. Bd. of Emergency Medicine*, 428 F.3d 408, 436 (2d Cir. 2005) (if "a peek at the merits," . . . "reveals that the case is a sure loser . . . then the court in which it is initially filed . . . should dismiss the case rather than waste the time of another court.") (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)). Here, Plaintiffs' claims against Federal Defendants are plainly meritless.

2