DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By:  ZACHARY BANNON
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2728
Fax: (212) 637-2717
E-mail: Zachary.Bannon@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------- x
                         :

ELIZABETH CHAN, *et al.*,          :    Case No. 23 Civ. 10365 (LJL)
                         :

               Plaintiffs,    :

    -against-           :    **ANSWER**
                         :

UNITED STATES DEPARTMENT OF  :
TRANSPORTATION, et al.,       :
                         :

              Defendants.    :
----------------------------------------------------------- X

       Defendants U.S. Department of Transportation, Federal Highway Administration,

Shailen Bhatt, and Richard J. Marquis (the "Federal Defendants") by and through their

attorney, Damian Williams, United States Attorney for the Southern District of New York,

answer the correspondingly numbered paragraphs of Plaintiffs' Amended Complaint (ECF

No. 39) upon information and belief as follows:

<u>**NATURE OF THE CASE**</u>[1]

       1.      The allegations in this Paragraph constitute Plaintiffs' statement of the case

and legal conclusions, to which no response is required.  To the extent a response is deemed

required, the Federal Defendants deny the allegations.

---

[1] The headings in this Answer correspond to the headings in the Amended Complaint and the Federal Defendants include them solely to provide reference.

2.      The allegations in this Paragraph constitute Plaintiffs' statement of the case and legal conclusions, to which no response is required.  To the extent a response is deemed required, the Federal Defendants admit that an Environmental Impact Statement was not prepared for Manhattan Central Business District Tolling Program ("the Project"), but deny the remaining allegations.

3.      The first sentence of this Paragraph quotes from a federal regulation.  That regulation is the best evidence of its contents and the Federal Defendants deny any allegations inconsistent with it.  The second and third sentences of this Paragraph constitute Plaintiffs' statement of the case and legal conclusions, to which no response is required. To the extent a response is deemed required, the Federal Defendants deny the allegations.

4.      The allegations in this Paragraph constitute Plaintiffs' statement of the case, to which no response is required.  To the extent a response is deemed required, the Federal Defendants deny the allegations.[2]

5.      The allegations in this Paragraph constitute Plaintiffs' statement of the case, to which no response is required.  To the extent a response is deemed required, the Federal Defendants deny the allegations.  To the extent this Paragraph seeks to characterize or quote a statement from the Metropolitan Transportation Authority ("MTA"), the Federal Defendants refer the Court to that statement for the best evidence of its contents.[3]

---

[2] The allegations in the footnote to this Paragraph purport to quote and construe a New York State statute. That statute is the best evidence of its contents and the Federal Defendants deny any allegations inconsistent with it.

[3] The Federal Defendants admit the allegations in the footnote to this Paragraph.

6.     The allegations in this Paragraph characterize purported estimates of the MTA.  The MTA's estimates are the best evidence of their contents and the Federal Defendants deny any allegations inconsistent with them.

7.     The allegations in this Paragraph characterize and quote from a federal statute and an analysis conducted by the Federal Defendants.  That statute and that analysis are the best of evidence of their contents and the Federal Defendants deny any allegations inconsistent with them.

8.     The allegations in this Paragraph characterize and quote from the Final Environmental Assessment ("EA").  The Final EA is the best of evidence of its contents and the Federal Defendants deny any allegations inconsistent with it.

9.     The Federal Defendants admit that at least one Plaintiff submitted a comment on the draft EA.  The Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

10.     The allegations in this Paragraph characterize and quote from the Final EA and public comments submitted on the Draft EA.  The Final EA and those comments are the best evidence of their contents and the Federal Defendants deny any allegations inconsistent with them.

11.     The Federal Defendants admit that the Draft EA was made available for a 30-day formal comment period and that FHWA extended the comment period for 14 days pursuant to 23 C.F.R. § 771.119(e).  The Defendants deny the remaining allegations in this Paragraph.

12.     The Federal Defendants admit that at least one Plaintiff submitted a comment on the draft EA.  The remaining allegations in this Paragraph seek to characterize

the Final EA, Draft EA, and public comments.  Those materials are the best evidence of their contents and the Federal Defendants deny any allegations inconsistent with them.

13.     The Federal Defendants admit that the Final EA was published in May 2023.  The remaining allegations in this Paragraph seek to characterize and quote from statements of the Federal Highway Administration ("FHWA").  Those statements are the best evidence of their contents and the Federal Defendants deny any allegations inconsistent with them.

14.     The allegations in this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed to be required, the Federal Defendants deny the allegations in this Paragraph.

15.     The allegations in this Paragraph seek to characterize the Finding of No Significant Impact ("FONSI") for the Project.  The FONSI is the best evidence of its contents and the Federal Defendants deny any allegations inconsistent with it.

16.     The allegations in this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed to be required, the Federal Defendants deny the allegations in this Paragraph.

17.     The allegations in this Paragraph constitute Plaintiffs' characterization of the Project and legal conclusions, to which no response is required.  To the extent a response is deemed required, the Project is the best evidence of its contents and the Federal Defendants deny any allegations inconsistent with it; the Federal Defendants deny all other allegations.

18.     The Federal Defendants lack knowledge or information sufficient to form a belief as to the first sentence of this Paragraph.  The remaining allegations in this Paragraph

4

seek to characterize the statements of the MTA and the FHWA.  Those statements are the best evidence of their contents and the Federal Defendants deny any allegations inconsistent with them.

19.     The allegations in this Paragraph consists of characterizations of the Final EA for the Project.  The Final EA is the best evidence of its contents and the Federal Defendants deny any allegations inconsistent with it.

20.     The allegations in this Paragraph seek to characterize the Final EA and FONSI.  Those documents are the best evidence of their contents and the Federal Defendants deny any allegations inconsistent with them.[4]

21.     The allegations in this Paragraph constitute Plaintiffs' statement of the case and legal conclusions, to which no response is required.  To the extent a response is deemed required, the Federal Defendants deny the allegations.

22.     The allegations in this Paragraph seek to characterize the Traffic Mobility Review Board's tolling proposal.  That proposal is the best evidence of its contents and the Federal Defendants deny any allegations inconsistent with it.

23.     The Federal Defendants admit that at the time the FONSI issued the MTA had not selected a final tolling structure.  The remaining allegations in this Paragraph constitute Plaintiffs' statement of the case, to which no response is required.  To the extent a response is deemed required, the Federal Defendants deny the allegations.

---

[4] The allegations in the footnote of this Paragraph seek to characterize the Final EA.  That document is the best evidence of its contents and the Federal Defendants deny any allegations inconsistent with it in the footnote of this Paragraph.

24.     The allegations in this Paragraph constitute Plaintiffs' statement of the case and legal conclusions, to which no response is required.  To the extent a response is deemed required, the Federal Defendants deny the allegations.

25.     The allegations in this Paragraph constitute Plaintiffs' statement of the case and legal conclusions, to which no response is required.  To the extent a response is deemed required, the Federal Defendants deny the allegations.

## JURISDICTION AND VENUE

26.     The Federal Defendants admit that 28 U.S.C. § 1331 and 28 U.S.C. § 1346 confer jurisdiction on this Court to hear claims "arising under" the laws of the United States and against the United States.  The remaining allegations in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required.

27.     The Federal Defendants admit that 28 U.S.C. § 1391 confers jurisdiction on courts in the district in which a substantial part of the events or omissions giving rise to claims occurred.  The remaining allegations in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required.

## PARTIES

28.     The Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the matters asserted in this Paragraph.

29.     The Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the matters asserted in this Paragraph.

30.     The Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the matters asserted in this Paragraph.

31.     The Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the matters asserted in this Paragraph.

32.     The Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the matters asserted in this Paragraph.

33.     The Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the matters asserted in this Paragraph.

34.     The Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the matters asserted in this Paragraph.

35.     The Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the matters asserted in this Paragraph.

36.     The Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the matters asserted in this Paragraph.

37.     The Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the matters asserted in this Paragraph.

38.     The Federal Defendants admit that the U.S. Department of Transportation is an executive department of the federal government.  The remaining allegations in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed required, the Federal Defendants deny the remaining allegations in this Paragraph.

39.     The Federal Defendants admit the allegations in the first three sentences of this Paragraph.   The Federal Defendants further admit that FHWA reviewed the Project under the National Environmental Policy Act ("NEPA").  Defendants deny that 23 U.S.C. § 129 is applicable to the Value Pricing Pilot Program ("VPPP").   The remaining

allegations in this Paragraph provide Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the remaining allegations in this Paragraph.

40.     The Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the matters asserted in this Paragraph.

41.     The Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the matters asserted in this Paragraph.

42.     The Federal Defendants admit Shailen Bhatt is the FHWA Administrator. The remaining allegations in this Paragraph provide Plaintiffs' legal conclusions, to which no response is required.

43.     The Federal Defendants admit Richard J. Marquis is the Division Administrator for the New York Division of FHWA and that Mr. Marquis signed the Final EA and FONSI.  The remaining allegations in this Paragraph provide Plaintiff's legal conclusions, to which no response is required.

44.     The Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the matters asserted in this Paragraph, including its footnote.

45.     The Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the matters asserted in this Paragraph.

## **FACTS**

46.     The allegations in this Paragraph seek to quote and characterize a federal statute and regulation.  That statute and regulation are the best evidence of their contents and the Federal Defendants deny any allegations inconsistent with them.

47.     The allegations in this Paragraph seek to quote and characterize a federal statute and regulation.  That statute and regulation are the best evidence of their contents and the Federal Defendants deny any allegations inconsistent with them.

48.     The allegations in this Paragraph seek to quote and characterize a federal regulation.  That regulation is the best evidence of its contents and the Federal Defendants deny any allegations inconsistent with it.

49.     The allegations in this Paragraph seek to characterize a federal regulation. That regulation is the best evidence of its contents and the Federal Defendants deny any allegations inconsistent with it.

50.     The allegations in this Paragraph seek to characterize a federal regulation. That regulation is the best evidence of its contents and the Federal Defendants deny any allegations inconsistent with it.

51.     The allegations in this Paragraph seek to quote and characterize federal Executive Orders.  Those Orders are the best evidence of their contents and the Federal Defendants deny any allegations inconsistent with them.

52.     The allegations in this Paragraph seek to quote and characterize federal Executive Orders.  Those Orders are the best evidence of their contents and the Federal Defendants deny any allegations inconsistent with them.

53.     The allegations in this Paragraph seek to quote and characterize a federal guidance document.  That guidance document is the best evidence of its contents and the Federal Defendants deny any allegations inconsistent with it.

54.     The allegations in this Paragraph seek to quote and characterize a federal guidance document.  That guidance document is the best evidence of its contents and the Federal Defendants deny any allegations inconsistent with it.

55.     The Federal Defendants deny the allegations contained in this Paragraph.

56.     The Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the matters asserted in the first sentence of this Paragraph, and therefore deny those allegations. The Federal Defendants deny the remaining allegations contained in this Paragraph.

57.     The allegations in this Paragraph seek to characterize a number of Environmental Impact Statements.  Those Statements are the best evidence of their contents and the Federal Defendants deny any allegations inconsistent with them.

58.     The Federal Defendants deny the allegations in this Paragraph.

59.     The allegations in this Paragraph seek to quote and characterize the report of a state government advisory panel.  That report is the best evidence of its contents and the Federal Defendants deny any allegations inconsistent with it.

60.     The Federal Defendants deny the allegations in this Paragraph.

61.     The allegations in this Paragraph seek to characterize a New York State statute.  That statute is the best evidence of its contents and the Federal Defendants deny any allegations inconsistent with it.

62.     The allegations in this Paragraph seek to characterize a New York State statute.  That statute is the best evidence of its contents and the Federal Defendants deny any allegations inconsistent with it.

63.     The allegations in this Paragraph seek to characterize a state budget.  That budget is the best evidence of its contents and the Federal Defendants deny any allegations inconsistent with it.

64.     The Federal Defendants admit that meetings occurred between the federal and state government in 2019 and 2020 related to review of the Project under NEPA.  The Federal Defendants deny the remaining allegations in this Paragraph.

65.     The allegations in Paragraph 65 seek to quote or characterize statements of an MTA official.  Those statements are the best evidence of their contents and the Federal Defendants deny any allegations inconsistent with them.

66.     The Federal Defendants admit that they authorized the MTA and New York transportation agencies to proceed with a NEPA Class III EA action under 23 C.F.R. § 771.  The remaining allegations in this Paragraph purport to quote and characterize FHWA's authorization letter.  That letter is the best evidence of its contents and Defendants deny any allegations inconsistent with it.

67.     The Federal Defendants admit that preparation of the Draft EA began in the Spring of 2021.  Defendants deny the remaining allegations in this Paragraph.

68.     The Federal Defendants admit that the Draft EA was made available to the public on August 10, 2022, and that at least one Plaintiff commented on the draft EA.  The remaining allegations in this paragraph seek to characterize the Draft EA.  The Draft EA is the best evidence of its contents, and the Federal Defendants deny any allegations inconsistent with it.

69.     The allegations in this Paragraph purport to quote and characterize a September 22, 2022 letter from the Environmental Protection Agency ("EPA") to FHWA.

That letter is the best evidence of its contents and the Federal Defendants deny any allegations inconsistent with it.

70.    The allegations in this Paragraph purport to quote and characterize a September 22, 2022 letter from the EPA to FHWA.  That letter is the best evidence of its contents and the Federal Defendants deny any allegations inconsistent with it.

71.    The allegations in this Paragraph purport to quote and characterize a September 22, 2022 letter from the EPA to FHWA.  That letter is the best evidence of its contents and the Federal Defendants deny any allegations inconsistent with it.

72.    The allegations in this Paragraph purport to quote and characterize a September 22, 2022 letter from the EPA to FHWA.  That letter is the best evidence of its contents and the Federal Defendants deny any allegations inconsistent with it.[5]

73.    The Federal Defendants admit the allegations in this Paragraph.

74.    The Federal Defendants admit that FHWA published a draft FONSI.  The remaining allegations in this Paragraph purport to quote and characterize the draft FONSI. The draft FONSI is the best evidence of its contents and the Federal Defendants deny any allegations inconsistent with it.

75.    The allegations in this Paragraph purport to quote and characterize the draft FONSI.  The draft FONSI is the best evidence of its contents and the Federal Defendants deny any allegations inconsistent with it.

---

[5] The allegations in the footnote to this Paragraph purport to characterize communications between the MTA, the EPA, and the FHWA.  Those communications are the best evidence of their contents and the Federal Defendants deny any allegations inconsistent with them.

76.     The allegations in this Paragraph purport to quote and characterize the draft FONSI.  The draft FONSI is the best evidence of its contents and the Federal Defendants deny any allegations inconsistent with it.

77.     The Federal Defendants admit that a draft FONSI was made available for public review for 30 days.   The Federal Defendants deny the remaining allegations in this Paragraph.

78.     The Federal Defendants deny the allegations in this Paragraph insofar as they claim that all Plaintiffs responded to the draft FONSI.

79.     The allegations in this Paragraph purport to characterize the Final FONSI and EA.  The Final FONSI and EA are the best evidence of their contents and the Federal Defendants deny any allegations inconsistent with them.

80.     The Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph.

81.     The Federal Defendants admit that Battery Park City is a neighborhood in southern Manhattan, but lack knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph.

82.     The Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of this Paragraph.   The remaining sentences in this Paragraph purport to quote and characterize the Final EA.  The Final EA is the best evidence of its contents and the Federal Defendants deny any allegations inconsistent with it.

83.     The Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph.

84.     The Federal Defendants deny the allegations in this Paragraph.

85.     The Federal Defendants deny the allegations in this Paragraph.

86.     The Federal Defendants admit that Battery Park City is a neighborhood in southern Manhattan, but lack knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph.

87.     The Federal Defendants deny the allegations in this Paragraph.

88.     The Federal Defendants deny the allegations in this Paragraph.

89.     The Federal Defendants deny the allegations in this Paragraph.

90.     The Federal Defendants deny the allegations in this Paragraph.

91.     The Federal Defendants deny the allegations in this Paragraph.

92.     The Federal Defendants deny the allegations in this Paragraph.

93.     The Federal Defendants deny the allegations in this Paragraph.

94.     The Federal Defendants deny the allegations in this Paragraph.

95.     The Federal Defendants deny the allegations in this Paragraph.

96.     The Federal Defendants deny the allegations in this Paragraph.

97.     The Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph.

98.     The Federal Defendants deny the allegations in this Paragraph.

99.     The Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph.

100.    The allegations in this Paragraph purport to quote from and characterize a federal statute and regulation.  That statute and regulation are the best evidence of their

contents and the Federal Defendants deny all allegations inconsistent with them. The Federal Defendants deny the allegations contained in the second sentence of this Paragraph.

101.     The Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph.

102.     The Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph.

103.     The allegations in this Paragraph purport to characterize a submission made by Plaintiffs to the Federal Defendants. That submission is the best evidence of its contents and the Federal Defendants deny any allegations inconsistent with it.

104.     The Federal Defendants deny the allegations in this Paragraph and refer the Court to the final FONSI for the best evidence of its contents.

105.     The Federal Defendants deny the allegations in this Paragraph.

106.     The Federal Defendants deny the allegations in this Paragraph.

107.     The allegations in this Paragraph purport to quote and characterize a letter from the EPA to the FHWA. That letter is the best evidence of its contents and the Federal Defendants deny all allegations inconsistent with it.

108.     The Federal Defendants deny the allegations in this Paragraph.

109.     The Federal Defendants deny the allegations in this Paragraph.

110.     The first sentence of this Paragraph purports to quote and characterize the Final EA. The Final EA is the best evidence of its contents and the Federal Defendants deny all allegations inconsistent with it. The Federal Defendants deny the final sentence in this Paragraph.

111.     The Federal Defendants deny the allegations in this Paragraph.

112.    The Federal Defendants deny the allegations in this Paragraph.

113.    The Federal Defendants deny the allegations in this Paragraph.

114.    The Federal Defendants deny the allegations in this Paragraph.

115.    The Federal Defendants deny the allegations in this Paragraph.

116.    The allegations in this Paragraph purport to quote and characterize the Final EA.  The Final EA is the best evidence of its contents, and the Federal Defendants deny any allegations inconsistent with it.

117.    The Federal Defendants deny the allegations in this Paragraph.

118.    The Federal Defendants deny the allegations in this Paragraph.

119.    The Federal Defendants deny the allegations in this Paragraph.

120.    The Federal Defendants deny the allegations in this Paragraph.

121.    The allegations in this Paragraph purport to quote from and characterize a federal statute and regulation.  That statute and regulation are the best evidence of their contents and the Federal Defendants deny all allegations inconsistent with them.

122.    The allegations in this Paragraph purport to quote from and characterize a federal statute and regulation.  That statute and regulation are the best evidence of their contents and the Federal Defendants deny all allegations inconsistent with them.

123.    The Federal Defendants deny the allegations in this Paragraph.

124.    The allegations in this Paragraph purport to construe the FONSI.  The FONSI is the best evidence of its own contents and the Federal Defendants deny any allegations inconsistent with it.  The Federal Defendants deny the remaining allegations in this Paragraph.

125.    The Federal Defendants deny the allegations in this Paragraph.

126.    The allegations in this Paragraph purport to quote and construe the TMRB's recommended tolling structure.  That recommendation is the best evidence of its contents and the Federal Defendants deny all allegations inconsistent with it.

127.    The allegations in this Paragraph purport to quote and construe the TMRB's recommended tolling structure.  That recommendation is the best evidence of its contents and the Federal Defendants deny all allegations inconsistent with it.

128.    The allegations in this Paragraph and its footnote purport to quote and construe the TMRB's recommended tolling structure.  That recommendation is the best evidence of its contents and the Federal Defendants deny all allegations inconsistent with it.

129.    The Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph.

130.    The allegations in this Paragraph purport to quote and construe the TMRB's recommended tolling structure.  That recommendation is the best evidence of its contents and the Federal Defendants deny all allegations inconsistent with it.

131.    The allegations in this Paragraph purport to quote and construe the TMRB's recommended tolling structure.  That recommendation is the best evidence of its contents and the Federal Defendants deny all allegations inconsistent with it.

132.    The allegations in this Paragraph purport to quote and construe the TMRB's recommended tolling structure.  That recommendation is the best evidence of its contents and the Federal Defendants deny all allegations inconsistent with it.

133.    The allegations in this Paragraph purport to quote and construe the TMRB's recommended tolling structure.  That recommendation is the best evidence of its contents and the Federal Defendants deny all allegations inconsistent with it.

134.    The allegations in this Paragraph purport to quote from statements of the Project Sponsors.  That statement is the best evidence of its contents and the Federal Defendants deny all allegations inconsistent with it.

135.    The Federal Defendants deny the allegations in this Paragraph.

136.    The Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph, which consist of legal conclusions to which no response is required.

137.    The allegations in this Paragraph purport to quote and construe the TMRB's recommend tolling structure.  That recommendation is the best evidence of its contents and the Federal Defendants deny all allegations inconsistent with it.

138.    The Federal Defendants admit the allegations in this Paragraph.

139.    The Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph.

140.    The Federal Defendants admit the allegations in this Paragraph.

141.    The Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph.

142.    The allegations in this Paragraph purport to quote and construe a statement from Allison C. de Cerreño.  That statement is the best evidence of its contents and the Federal Defendants deny all allegations inconsistent with it.

143.    The Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph.

## FIRST CLAIM FOR RELIEF

144.    The Federal Defendants reallege and incorporate by reference the responses in all preceding paragraphs as if set forth fully herein.

145.    The Federal Defendants deny the allegations in this Paragraph.

146.    The Federal Defendants deny the allegations in this Paragraph.

147.    The Federal Defendants deny the allegations in this Paragraph.

148.     The allegations in this Paragraph seek to quote and characterize a federal statute and regulation.  That statute and regulation are the best evidence of their contents and the Federal Defendants deny any allegations inconsistent with them.

149.     The allegations in this Paragraph seek to quote and characterize a federal statute and regulation.  That statute and regulation are the best evidence of their contents and the Federal Defendants deny any allegations inconsistent with them.

150.     The allegations in this Paragraph seek to quote and characterize a federal statute and regulation.  That statute and regulation are the best evidence of their contents and the Federal Defendants deny any allegations inconsistent with them.

151.     The allegations in this Paragraph seek to quote and characterize a federal statute and regulation.  That statute and regulation are the best evidence of their contents and the Federal Defendants deny any allegations inconsistent with them.

152.    The Federal Defendants deny the allegations in this Paragraph.

153.    The Federal Defendants deny the allegations in this Paragraph.

154.    The Federal Defendants deny the allegations in this Paragraph.

155.    The Federal Defendants deny the allegations in this Paragraph.

156.    The Federal Defendants deny the allegations in this Paragraph.

157.    The Federal Defendants deny the allegations in this Paragraph.

158.    The allegations in this Paragraph seek to quote and characterize a federal statute and regulation.  That statute and regulation are the best evidence of their contents and the Federal Defendants deny any allegations inconsistent with them.

159.    The allegations in this Paragraph seek to quote and characterize a federal statute and regulation.  That statute and regulation are the best evidence of their contents and the Federal Defendants deny any allegations inconsistent with them.

160.    The Federal Defendants deny the allegations in this Paragraph.

161.    The Federal Defendants deny the allegations in this Paragraph.

162.    The Federal Defendants deny the allegations in this Paragraph.

163.    The allegations in this Paragraph seek to quote and characterize a federal statute and regulation.  That statute and regulation are the best evidence of their contents and the Federal Defendants deny any allegations inconsistent with them.

164.    The Federal Defendants deny the allegations in this Paragraph.

165.    The Federal Defendants deny the allegations in this Paragraph.

166.    The Federal Defendants deny the allegations in this Paragraph.

167.    The allegations in this Paragraph seek to quote and characterize a federal statute and regulation.  That statute and regulation are the best evidence of their contents and the Federal Defendants deny any allegations inconsistent with them.

168.    The Federal Defendants deny the allegations in this Paragraph.

169.    The Federal Defendants deny the allegations in this Paragraph.

170.     The Federal Defendants deny the allegations in this Paragraph.

171.     The Federal Defendants deny the allegations in this Paragraph.

172.     The Federal Defendants deny the allegations in this Paragraph.

## SECOND CLAIM FOR RELIEF

173.     Federal Defendants reallege and incorporate by reference the responses in all preceding paragraphs as if set forth fully herein.

174.     The allegations in this Paragraph seek to quote and characterize a federal statute and regulation.  That statute and regulation are the best evidence of their contents and the Federal Defendants deny any allegations inconsistent with them.

175.     The allegations in this Paragraph seek to quote and characterize a federal statute and regulation.  That statute and regulation are the best evidence of their contents and the Federal Defendants deny any allegations inconsistent with them.

176.     The Federal Defendants admit the allegations set forth in this Paragraph.

177.     The Federal Defendants deny the allegations in this Paragraph.

178.     The Federal Defendants deny the allegations in this Paragraph.

179.     The Federal Defendants deny the allegations in this Paragraph.

180.     The Federal Defendants deny the allegations in this Paragraph.

181.     The Federal Defendants deny the allegations in this Paragraph.

182.     The Federal Defendants deny the allegations in this Paragraph.

183.     The Federal Defendants deny the allegations in this Paragraph.

184.     The Federal Defendants deny the allegations in this Paragraph.

## THIRD CLAIM FOR RELIEF

185.    The allegations contained in this Paragraph are not asserted against the Federal Defendants and therefore require no response.

186.    The allegations contained in this Paragraph are not asserted against the Federal Defendants and therefore require no response.

187.    The allegations contained in this Paragraph are not asserted against the Federal Defendants and therefore require no response.

188.    The allegations contained in this Paragraph are not asserted against the Federal Defendants and therefore require no response.

189.    The allegations contained in this Paragraph are not asserted against the Federal Defendants and therefore require no response.

190.    The allegations contained in this Paragraph are not asserted against the Federal Defendants and therefore require no response.

191.    The allegations contained in this Paragraph are not asserted against the Federal Defendants and therefore require no response.

192.    The allegations contained in this Paragraph are not asserted against the Federal Defendants and therefore require no response.

193.    The allegations contained in this Paragraph are not asserted against the Federal Defendants and therefore require no response.

## FOURTH CLAIM FOR RELIEF

194.    The allegations contained in this Paragraph are not asserted against the Federal Defendants and therefore require no response.

195.    The allegations contained in this Paragraph are not asserted against the Federal Defendants and therefore require no response.

196.    The allegations contained in this Paragraph are not asserted against the Federal Defendants and therefore require no response.

197.    The allegations contained in this Paragraph are not asserted against the Federal Defendants and therefore require no response.

198.    The allegations contained in this Paragraph are not asserted against the Federal Defendants and therefore require no response.

199.    The allegations contained in this Paragraph are not asserted against the Federal Defendants and therefore require no response.

200.    The allegations contained in this Paragraph are not asserted against the Federal Defendants and therefore require no response.

201.    The allegations contained in this Paragraph are not asserted against the Federal Defendants and therefore require no response.

### FIFTH CLAIM FOR RELIEF

202.    The allegations contained in this Paragraph are not asserted against the Federal Defendants and therefore require no response.

203.    The allegations contained in this Paragraph are not asserted against the Federal Defendants and therefore require no response.

204.    The allegations contained in this Paragraph are not asserted against the Federal Defendants and therefore require no response.

205.    The allegations contained in this Paragraph are not asserted against the Federal Defendants and therefore require no response.

206.     The allegations contained in this Paragraph are not asserted against the Federal Defendants and therefore require no response.

207.     The allegations contained in this Paragraph are not asserted against the Federal Defendants and therefore require no response.

208.     The allegations contained in this Paragraph are not asserted against the Federal Defendants and therefore require no response.

209.     The allegations contained in this Paragraph are not asserted against the Federal Defendants and therefore require no response.

210.     The allegations contained in this Paragraph are not asserted against the Federal Defendants and therefore require no response.

## **WHEREFORE CLAUSE**

Sub-paragraphs "i" through "ix" within Plaintiffs' WHEREFORE clause provide Plaintiffs' prayers for relief.   To the extent the Federal Rules of Civil Procedure or this Court require a response, the Federal Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## **GENERAL DENIAL**

All of the allegations in the Plaintiffs' Complaint which have not been specifically admitted, denied, or otherwise answered are hereby denied.

## **DEFENSES**

1.     One or more Plaintiff lacks standing to assert the claims alleged in the Complaint.

2.     Plaintiffs fail to state a claim upon which relief can be granted for some or all of their claims.

3.      Plaintiffs have failed to exhaust their administrative remedies for some or all of their claims.

4.      Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

5.      This Court lacks jurisdiction over some or all of Plaintiffs' claims.

6.      Some or all of Plaintiffs' claims are not ripe.

## **PRAYER**

For the foregoing reasons, the Federal Defendants request that the Court dismiss the Amended Complaint in its entirety, render judgment for the Federal Defendants and against Plaintiffs, and grant the Federal Defendants such other and further relief that the nature of the case and justice requires.

Dated:      February 27, 2024
            New York, New York

                                        Respectfully submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney
                                        Southern District of New York

                            By:     /s/ Zachary Bannon
                                    ZACHARY BANNON
                                    Assistant United States Attorneys
                                    86 Chambers Street, Third Floor
                                    New York, New York 10007
                                    Tel.: (212) 637-2728