# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

ELIZABETH CHAN, TAMARA HOFFMAN, RACHEL EHRENPREIS, CHAIM KATZ, WINNIE CHEUNG, MEIR EHRENPREIS, JOHN BAILEY, SEAN CARNEY, LUIS DIAZ AND FAMILIES FOR A BETTER PLAN FOR CONGESTION,

        Plaintiffs,

    v.

UNITED STATES DEPARTMENT OF TRANSPORTATION, FEDERAL HIGHWAY ADMINISTRATION, THE METROPOLITAN TRANSPORATION AUTHORITY, THE TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, SHAILEN BHATT, in his official capacity as Administrator of the Federal Highway Administration, RICHARD J. MARQUIS, in his official capacity as Division Administrator of the New York Division of the Federal Highway Administration, NICHOLAS A. CHOUBAH, P.E. in his official capacity as Chief Engineer for the New York State Department of Transportation, WILLIAM J. CARRY in his official capacity as Assistant Commissioner for Policy for the New York City Department of Transportation,

        Defendants.

Hon. Lewis J. Liman

Civ. No. 24-cv-00367-LJL

**ANSWER TO AMENDED COMPLAINT BY DEFENDANT WILLIAM J. CARRY, in his Official Capacity**

       Defendant William J. Carry in his official capacity as Assistant Commissioner for

Policy for the New York City Department of Transportation, by and through his attorney,

the HON. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, by way

of Answer to the Amended Complaint of Plaintiffs Elizabeth Chan, Tamara Hoffman,

Rachel Ehrenpreis, Chaim Katz, Winnie Cheung, Meir Ehrenpreis, John Bailey, Sean

Carney, Luis Diaz and Families For A Better Plan For Congestion hereby states:

## I.     PLAINTIFFS ALLEGATIONS OF THE NATURE OF THE CASE[1]

1.      Defendant admits that Plaintiffs purport to proceed as described in Paragraph 1, but otherwise denies the allegations contained therein, except to the extent Paragraph 1 contains conclusions of law for which no response is required, and respectfully refer the Court to the Final Environmental Assessment ("Final EA") and Finding of No Significant Impact ("FONSI") for the Central Business District Tolling Program ("CBDTP" or the "Project') for their full context and import; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

2.      Defendant denies the allegations contained in Paragraph 2, except admits that an Environmental Impact Statement ("EIS") was not prepared for the CBDTP.

3.      Defendant denies the allegations contained in Paragraph 3, except to the extent Paragraph 3 contains conclusions of law for which no response is required, and respectfully refers the Court to the National Environmental Policy Act ("NEPA") and the regulations cited in Paragraph 3 for their full context and import.

4.      Defendant denies the allegations contained in Paragraph 4, except to the extent Paragraph 4 contains conclusions of law for which no response is required, and respectfully refers the Court to the draft Environmental Assessment ("Draft EA") cited therein for its full context and import.

---

[1] Defendant makes no response to the headings and subheadings listed in the Amended Complaint.  To the extent a response is required, they are denied.

5.      Defendant admits that there are environmental justice communities in downtown Manhattan, and otherwise denies the allegations contained in Paragraph 5, except to the extent Paragraph 5 contains conclusions of law for which no response is required, and respectfully refers the Court to the Final EA and FONSI cited therein for their full context and import.

6.      Defendant denies the allegations contained in Paragraph 6, except to the extent Paragraph 6 contains conclusions of law for which no response is required, and respectfully refers the Court to the Final EA and FONSI cited therein for their full context and import.

7.      Defendant denies the allegations contained in Paragraph 7, except to the extent Paragraph 7 contains conclusions of law for which no response is required, and respectfully refers the Court to NEPA, the Final EA and FONSI cited therein for their full context and import.

8.      Defendant denies the allegations contained in Paragraph 8, except to the extent Paragraph 8 contains conclusions of law for which no response is required, and respectfully refers the Court to the Final EA cited therein for its full context and import.

9.      Defendant denies knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 9.

10.     Defendant denies the allegations contained in Paragraph 10, and respectfully refers the Court to the Final EA cited therein for its full context and import.

3

11.     Defendant denies the allegations contained in Paragraph 11, except admits that the Draft EA was made available for a 30-day formal comment period, that Federal Highway Administration ("FHWA") extended the comment period for 14 days pursuant to 23 C.F.R. § 771.119(e)(e), and respectfully refers the Court to the Draft EA cited therein for its full context and import.

12.     Defendant denies the allegations contained in Paragraph 12, except admits that the Draft EA received more than 69,000 submissions, and respectfully refers the Court to the Draft EA, the Final EA, and the comments referenced therein for their full context and import.

13.     Defendant denies the allegations contained in Paragraph 13, except admits that the FHWA issued a draft FONSI in May 2023, and found that NEPA did not require the preparation of an EIS, and respectfully refers the Court to the Draft FONSI cited therein for its full context and import.

14.     Paragraph 14 states a legal conclusion, to which no response is required. To the extent that a response is required, Defendant denies it.

15.     Defendant denies the allegations contained in Paragraph 15, and respectfully refers the Court to the Final EA and FONSI cited therein for their full context and import.

16.     Defendant denies knowledge or information sufficient to form a belief as to the allegations concerning the unnamed projects contained in Paragraph 16 and therefore

4

denies those allegations, and respectfully refers the Court to the EIS's cited therein for their full context and import.

17.     Defendant denies knowledge or information sufficient to form a belief as to what New Yorkers recognize, and thus denies the allegations contained in Paragraph 17, except to the extent Paragraph 17 contains conclusions of law for which no response is required.

18.     Defendant denies the allegations contained in Paragraph 18, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the first sentence, and respectfully refers the Court to NEPA, the Final EA and FONSI cited therein for their full context and import.

19.     Defendant denies the allegations contained in Paragraph 19, and respectfully refers the Court to the Traffic Mobility Act, Final EA and FONSI cited therein for their full context and import.

20.     Defendant denies the allegations contained in Paragraph 20, and respectfully refers the Court to the Final EA and FONSI cited therein for their full context and import.

21.     Defendant denies the allegations contained in Paragraph 21, except admits that Plaintiffs purport to seek preparation of a full EIS in this proceeding, and except to the extent Paragraph 21 contains conclusions of law for which no response is required, and respectfully refers the Court to the Final EA, FONSI, and regulations cited therein for their

5

full context and import.

22.     Defendant denies the allegations contained in Paragraph 22, and respectfully refers the Court to the TMRB's recommended tolling structure cited therein for its full context and import.

23.     Defendant denies the allegations contained in Paragraph 23, except admits that the Final EA considered a range of toll pricing scenarios and respectfully refers the Court to the FONSI cited therein for its full context and import.

24.     Defendant denies the allegations contained in Paragraph 24, except to the extent Paragraph 24 contains conclusions of law for which no response is required, and respectfully refers the Court to the Final EA and FONSI cited therein for their full context and import.

25.     Defendant denies the allegations contained in Paragraph 25 and denies that Plaintiffs are entitled to any relief.

26.     Defendant admits that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1346 with respect to Plaintiffs' claims arising under the Administrative Procedure Act and the United States Constitution; Defendant denies that the Court has supplemental jurisdiction over Plaintiffs' state-law claims under 28 U.S.C. § 1367(a).

27.     Defendants admit that venue is proper in this district pursuant to 28 U.S.C. § 1391.

## II.    PARTIES

28.     Defendant denies knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 28.

29.     Defendant denies knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 29.

30.     Defendant denies knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 30.

31.     Defendant denies knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 31.

32.     Defendant denies knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 32.

33.     Defendant denies knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 33.

34.     Defendant denies knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 34.

35.     Defendant denies knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 35.

36.     Defendant denies knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 36.

37.     Defendant denies knowledge or information sufficient to form a belief

about the truth or falsity of the allegations contained in Paragraph 37.

38.     Defendant denies the allegations contained in Paragraph 38, but admits that Defendant United SStates Department of Transportation ("USDOT") is the executive department of the federal government responsible for oversight of the transportation planning process, including implementing NEPA requirements.

39.     Defendant denies the allegations contained in Paragraph 39, but admits that Defendant FHWA is a federal agency within the USDOT that supports state and local governments in the design, construction, and maintenance of the Nation's highway system, and that it issued the Final EA and FONSI for the Project.

40.     Defendant denies the allegations contained in Paragraph 40, but admits that Defendant Metrpolitan Transportation Authority ("MTA") is a public benefit corporation chartered by the New York State Legislature under the New York Public Authorities Law, and is a project sponsor for the Project.

41.     Defendant denies the allegations contained in Paragraph 41, but admits that Defendant Triborough Bridge and Tunnel Authority ("TBTA") is a public benefit corporation organized and existing under the Public Authorities Law of the State of New York, and respectfully refers the Court to the Traffic Mobility Act and the Public Authorities Law for a complete statement of their text and import.

42.     Defendant denies the allegations contained in Paragraph 42, but admits that Defendant Shailen Bhatt is the Administrator of the FHWA.

43.     Defendant denies the allegations contained in Paragraph 43, but admits that Defendant Richard J. Marquis is the Division Administrator for the New York Division of the FHWA, and signed the Final EA and FONSI.

44.     Defendant denies the allegations contained in Paragraph 44, but admits that Defendant Nicholas A. Choubah, P.E. is the Chief Engineer at the New York State Department of Transportation and signed the Final EA and FONSI.

45.     Defendant denies the allegations contained in Paragraph 45, but admits that Defendant William J. Carry is the Assistant Commissioner for Policy at the New York City Department of Transportation and was listed as the City of New York's contact on the EA for the Project, and denies knowledge or information sufficient to form a belief as to whether he "received a copy of the Plaintiff's response to the EA," which does not refer to a specific document.

## III.     FACTS

### A. National Environmental Policy Act Provisions

46.     With respect to the allegations in Paragraph 46, Defendant admits that in 1970, Congress passed NEPA, and respectfully refers the Court to the statute and regulations cited therein for their full context and import.

47.     Defendant denies the allegations set forth in Paragraph 47, and respectfully refers the Court to the statute and regulations cited in Paragraph 47 for their full context and import.

9

48.     Defendant denies the allegations contained in Paragraph 48, except to the extent Paragraph 48 contains conclusions of law for which no response is required, and respectfully refers the Court to the regulations cited therein for their full context and import.

49.     Defendant denies the allegations contained in Paragraph 49, except to the extent Paragraph 49 contains conclusions of law for which no response is required, and respectfully refers the Court to the regulations cited therein for their full context and import.

50.     Defendant denies the allegations contained in Paragraph 50 except to the extent Paragraph 50 contains conclusions of law for which no response is required, and respectfully refers the Court to the regulation cited therein for its full context and import .

## B. Executive Orders

51.     Defendant denies the allegations contained in Paragraph 51, except to the extent Paragraph 51 contains conclusions of law for which no response is required, and respectfully refers the Court to the Executive Order cited therein for its full context and import.

52.     Defendant denies the allegations contained in Paragraph 52, except to the extent Paragraph 52 contains conclusions of law for which no response is required, and respectfully refers the Court to the Executive Order cited therein for its full context and import.

53.     Defendant denies the allegations contained in Paragraph 53, except to the extent Paragraph 53 contains conclusions of law for which no response is required, and

respectfully refers the Court to the guidance document cited therein for its full context and import.

54.     Defendant denies the allegations contained in Paragraph 54, except to the extent Paragraph 54 contains conclusions of law for which no response is required, and respectfully refers the Court to the guidance document cited therein for its full context and import.

### C. Previous FHWA Decisions in New York

55.     Defendant denies the allegations contained in Paragraph 55, except to the extent Paragraph 55 contains conclusions of law for which no response is required.

56.     Defendant denies the allegations contained in Paragraph 56, except to the extent Paragraph 56 contains conclusions of law for which no response is required, and affirmatively states that a determination of a federal agency to require an EA or EIS is a fact-specific determination.

57.     Defendant denies knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 57, and affirmatively states that a determination of a federal agency to require an EA or EIS is a fact-specific determination.

58.     Defendant denies the allegations contained in Paragraph 58, except to the extent Paragraph 58 contains conclusions of law for which no response is required.

59.     Defendant denies the allegations contained in Paragraph 59, and

11

respectfully refers the Court to the advisory panel report cited therein for its full context and import.

60.     Defendant denies the allegations contained in Paragraph 60.

### D. The Congestion Pricing Plan

61.     With respect to the allegations in Paragraph 61, Defendant admits that in April 2019, the New York State Legislature passed the MTA Reform and Traffic Mobility Act (the "Traffic Mobility Act"), and respectfully refers the Court to that statute for its full context and import.

62.     Defendant denies the allegations contained in Paragraph 62, except to the extent Paragraph 62 contains conclusions of law for which no response is required, and respectfully refers the Court to the Traffic Mobility Act cited therein for its full context and import.

63.     Defendant denies the allegations contained in Paragraph 63, and respectfully refers the Court to the 2019–20 New York State Budget legislation cited therein for its full context and import.

64.     Defendant denies the allegations contained in Paragraph 64, except admits that in 2019 and early 2020, the Project Sponsors met with the federal government concerning environmental review for the Project and that as of July 2020, the Project Sponsors had not been advised of the type of environmental review that would be warranted pursuant to NEPA.

65.     Defendant denies knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 65.

66.     Defendant denies the allegations in Paragraph 66, except admits that the FHWA authorized the MTA and New York transportation agencies to proceed with a NEPA Class III EA action.

67.     Defendant denies the allegations in Paragraph 67, except admits that in Spring 2021, the Project Sponsors began preparing the Draft EA, and respectfully refers the Court to the Draft EA cited therein for its full context and import.

68.     Defendant denies the allegations in Paragraph 68, except admits that on August 10, 2022, the Project Sponsors released the Draft EA, and respectfully refers the Court to the Draft EA cited therein for its full context and import.

69.     Defendant denies the allegations contained in Paragraph 69, and respectfully refers the Court to the September 22, 2022 letter from the U.S. Environmental Protection Agency to FHWA cited therein for its full context and import.

70.     Defendant denies the allegations contained in Paragraph 70, and respectfully refers the Court to the September 22, 2022 letter from the U.S. Environmental Protection Agency to FHWA cited therein for its full context and import.

71.     Defendant denies the allegations contained in Paragraph 71, and respectfully refers the Court to the September 22, 2022 letter from the U.S. Environmental Protection Agency to FHWA cited therein for its full context and import.

72.     Defendant denies the allegations contained in Paragraph 72, and respectfully refers the Court to the September 22, 2022 letter from the U.S. Environmental Protection Agency to FHWA cited therein for its full context and import.

73.     Defendant admits the allegations in Paragraph 73.

74.     Defendant denies the allegations in Paragraph 74, except admits that the FHWA published a Draft FONSI, and respectfully refers the Court to the Draft FONSI for its full context and import.

75.     Defendant denies the allegations in Paragraph 75, except admits that the FHWA published a Draft FONSI, and respectfully refers the Court to the Draft FONSI for its full context and import.

76.     Defendant denies the allegations in Paragraph 76, except admits that the FHWA published a Draft FONSI, and respectfully refers the Court to the Draft FONSI for its full context and import.

77.     Defendant denies the allegations in Paragraph 77, except admits that the Draft FONSI was made available for public review for 30 days.

78.     With respect to the allegations in Paragraph 78, Defendant admits that Plaintiffs purport to have submitted comments during the public availability period for the Draft FONSI.

79.     Defendant denies the allegations in Paragraph 79, and respectfully refers the Court to the Final EA and FONSI cited therein for their full context and import.

80.     Defendant denies the allegations in Paragraph 80, and respectfully refers the Court to the Final EA and FONSI cited therein for their full context and import.

### E. Battery Park City and Lower Manhattan

81.     Defendant denies the allegations in Paragraph 81, except admits that Battery Park City is a neighborhood with residences in Manhattan and that it is generally bounded by the Hudson River, the Hudson River Shoreline, and the West Side Highway.

82.     Defendant denies the allegations in Paragraph 82, and respectfully refers the Court to the EA Summary cited therein for its full context and import.

83.     Defendant denies the allegations in Paragraph 83, except admits that the area along lower West Street and the Hugh L. Carey Tunnel includes residential buildings, and other uses .

84.     Defendant denies the allegations contained in Paragraph 84, except to the extent Paragraph 84 contains conclusions of law for which no response is required.

85.     Defendant denies the allegations contained in Paragraph 85, except to the extent Paragraph 85 contains conclusions of law for which no response is required.

86.     Defendant denies the allegations contained in Paragraph 86.

87.     Defendant denies the allegations contained in Paragraph 87.

88.     Defendant denies the allegations contained in Paragraph 88, except that it denies information and belief as to the truth of the allegation about the percentage of BPC residents who are children.

89.     Defendant denies the allegations contained in Paragraph 89, except that it denies information and belief as to the truth of the allegation concerning specific uses in specific areas along West Street in Manhattan.

90.     Paragraph 90 contains conclusions of law for which no response is required. To the extent that a response is required for Paragraph 90, it is denied.

91.     Defendant denies the allegations in Paragraph 91, and respectfully refers the Court to the Final EA and FONSI cited therein for their full context and import.

92.     Defendant denies the allegations in Paragraph 92, and respectfully refers the Court to the Final EA and FONSI cited therein for their full context and import.

93.     Defendant denies the allegations in Paragraph 93, and respectfully refers the Court to the Final EA and FONSI cited therein for their full context and import.

94.     Defendant denies the allegations in Paragraph 94, and respectfully refers the Court to the Final EA and FONSI cited therein for their full context and import.

95.     Defendant denies the allegations in Paragraph 95, and respectfully refers the Court to the Final EA and FONSI cited therein for their full context and import.

96.     Paragraph 96 contains conclusions of law for which no response is required.

97.     Defendant denies knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 97.

98.     Defendant denies the allegations contained in Paragraph 98.

99.     Defendant denies the allegations contained in Paragraph 99.

**F. Plaintiffs' Purported Efforts to Engage in the NEPA Process**

100.     Defendant denies the allegations in Paragraph 100, and respectfully refers the Court to the federal regulation cited therein for its full context and import. Defendant further lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' participation during the public review process on the Draft EA.

101.     Defendant denies the allegations in Paragraph 101, and respectfully refers the Court to the public comments published with the Final EA for their full context and import.

102.     Defendant denies knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 102.

103.     Defendant denies the allegations in Paragraph 103, and respectfully refers the Court to the public comments published with the Final EA for their full context and import.

104.     Defendant denies the allegations in Paragraph 104, except that it denies knowledge and information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs interactions with unnamed local officials, and respectfully refers the Court to the Draft and Final FONSIs cited therein for their full context and import.

### G.  The Final EA and FONSI Complied with NEPA

105.    Defendant denies the allegations contained in Paragraph 105, except to the extent Paragraph 105 contains conclusions of law for which no response is required, and respectfully refers the Court to the Final EA and FONSI cited therein for their full context and import.

> i.    The Final EA and FONSI Failed to Consider or Propose Mitigation of the Pollution that the Congestion Pricing Plan Will Have Due to Traffic Pattern Shifts.

106.    Defendant denies the allegations contained in Paragraph 106, except to the extent Paragraph 106 contains conclusions of law for which no response is required, and respectfully refers the Court to the Final EA and FONSI cited therein for their full context and import.

107.    Defendant denies the allegations in Paragraph 107, and respectfully refers the Court to the unidentified EPA Letter cited therein for its full context and import.

108.    Defendant denies the allegations contained in Paragraph 108, except to the extent Paragraph 108 contains conclusions of law for which no response is required, and respectfully refers the Court to the Final EA and FONSI cited therein for their full context and import.

109.    Defendant admits that the Project Sponsors have allocated funds totaling $155 million over five years, and denies the remaining allegations contained in Paragraph 109, except to the extent Paragraph 109 contains conclusions of law for which no response

is required, and respectfully refers the Court to the Final EA and FONSI cited therein for their full context and import.

        ii.      The Final EA and FONSI Failed to Consider Any
                    Alternatives Besides a No Action Alternative.

110.    Defendant denies the allegations contained in Paragraph 110, except to the extent Paragraph 110 contains conclusions of law for which no response is required, and respectfully refers the Court to the Final EA and FONSI cited therein for their full context and import.

111.    Defendant denies the allegations contained in Paragraph 111, except to the extent Paragraph 111 contains conclusions of law for which no response is required, and respectfully refers the Court to the Final EA and FONSI cited therein for their full context and import.

112.    Defendant denies the allegations contained in Paragraph 112, except to the extent Paragraph 112 contains conclusions of law for which no response is required, and respectfully refers the Court to the Final EA cited therein for its full context and import .

113.    Defendant denies the allegations contained in Paragraph 113, except to the extent Paragraph 113 contains conclusions of law for which no response is required, and respectfully refers the Court to the Final EA and FONSI cited therein for their full context and import.

114.    Defendant denies the allegations contained in Paragraph 114, except to the extent Paragraph 114 contains conclusions of law for which no response is required, and

respectfully refers the Court to the Final EA cited therein for its full context and import.

115.    Defendant denies the allegations contained in Paragraph 115.

### iii.    The Final EA and FONSI Failed to Take a Hard Look at Each of the MTA's Hypothetical Congestion Pricing Plan Scenarios.

116.    Defendant denies the allegations contained in Paragraph 116, except to the extent Paragraph 116 contains conclusions of law for which no response is required, and respectfully refers the Court to the Final EA and FONSI cited therein for their full context and import.

117.    Defendant denies the allegations contained in Paragraph 117 and respectfully refers the Court to the Final EA and FONSI cited therein for their full context and import.

118.    Defendant denies the allegations contained in Paragraph 118 and respectfully refers the Court to the Final EA and FONSI cited therein for their full context and import.

119.    Defendant denies the allegations contained in Paragraph 119, except to the extent Paragraph 119 contains conclusions of law for which no response is required, and respectfully refers the Court to the Final EA and FONSI cited therein for their full context and import.

120.    Defendant denies the allegations contained in Paragraph 120, except to the extent Paragraph 120 contains conclusions of law for which no response is required, and

respectfully refers the Court to the Final EA and FONSI cited therein for their full context and import.

> iv.    The FHWA Did Not Take the Requisite "Hard Look"
> at the Actual Congestion Pricing Scheme.

121.    Defendant denies the allegations contained in Paragraph 121, and respectfully refers the Court to NEPA and the regulations cited therein for their full context and import.

122.    Defendant denies the allegations contained in Paragraph 122, and respectfully refers the Court to NEPA and the regulations cited therein for their full context and import.

123.    Defendant denies the allegations contained in Paragraph 123.

124.    Defendant denies the allegations contained in Paragraph 124, except to the extent Paragraph 124 contains conclusions of law for which no response is required, and respectfully refers the Court to the Final EA and FONSI cited therein for their full context and import.

125.    Defendant denies the allegations contained in Paragraph 125 and respectfully refers the Court to the Final EA, FONSI and TMRB recommendation cited therein for their full context and import.

**H.  The TMRB's Recommendation**

126.    Defendant denies the allegations contained in Paragraph 126 except admit that the TMRB issued a recommended tolling structure in or about November 2023, and

respectfully refers the Court to the TMRB recommendation cited therein for its full context and import.

127.    Defendant denies the allegations contained in Paragraph 127 and respectfully refers the Court to the TMRB recommendation cited therein for its full context and import.

128.    Defendant denies the allegations contained in Paragraph 128 and respectfully refers the Court to the TMRB recommendation cited therein for its full context and import.

129.    Defendant denies knowledge or information to form a belief as to the sufficiency of the allegations contained in Paragraph 129 and respectfully refers the Court to the TMRB recommendation cited therein for its full context and import.

130.    Defendant denies the allegations contained in Paragraph 130 and respectfully refers the Court to the TMRB recommendation cited therein for its full context and import.

131.    Defendant denies the allegations contained in Paragraph 131 and respectfully refers the Court to the TMRB recommendation cited therein for its full context and import.

132.    Defendant denies the allegations contained in Paragraph 132 and respectfully refers the Court to the TMRB recommendation cited therein for its full context and import.

133.    Defendant denies the allegations contained in Paragraph 133 and respectfully refers the Court to the TMRB recommendation cited therein for its full context and import.

134.    Defendant denies the allegations contained in Paragraph 134 and respectfully refers the Court to the unidentified statement cited therein for its full context and import.

135.    Defendant denies the allegations contained in Paragraph 135.

136.    Defendant denies the allegations contained in Paragraph 136, and respectfully refer the Court to Local Laws 60 and 64 for their full context and import.

137.    Defendant denies the allegations contained in Paragraph 137 and respectfully refers the Court to the Final EA, FONSI and TMRB recommendation cited therein for their full context and import.

138.    Defendant denies the allegations contained in Paragraph 138, except admits that on December 6, 2023, the TBTA Board voted to begin public review of a tolling structure for the Project, and respectfully refer the Court to the document cited therein for its full context and import.

139.    Defendant denies the allegations contained in Paragraph 139, and respectfully refers the Court to the TMRB recommendations and the Final EA for its full context and import.

140.    Defendant denies the allegations contained in Paragraph 140 and

respectfully refers the Court to the TMRB recommendation cited therein for its full context and import.

141.    Defendant denies the allegations contained in Paragraph 141, and respectfully refers the Court to the reference cited therein for its full context and import.

142.    Defendant denies the allegations contained in Paragraph 142 and respectfully refers the Court to the reference cited therein for its full context and import.

143.    Defendant denies the allegations contained in Paragraph 143, except admits that some infrastructure equipment has been installed, and respectfully refers the Court to the reference cited therein for its full context and import.

## FIRST CLAIM FOR RELIEF

144.    Defendants adopt by reference their responses to all preceding Paragraphs.

145.    Paragraph 145 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

146.    Paragraph 146 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

147.    Paragraph 147 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

## Preparation of an EIS

148.    Defendant denies the allegations contained in Paragraph 148, and respectfully refers the Court to NEPA and the regulations cited therein for their full context and import.

149.     Defendant denies the allegations contained in Paragraph 149, and respectfully refers the Court to NEPA and the regulations cited therein for their full context and import.

150.     Defendant denies the allegations contained in Paragraph 150, and respectfully refers the Court to NEPA and the regulations cited therein for their full context and import.

151.     Defendant denies the allegations contained in Paragraph 151, and respectfully refers the Court to the Administrative Procedure Act ("APA") and the regulations cited therein for their full context and import.

152.     Paragraph 152 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

153.     Paragraph 153 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

154.     Paragraph 154 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

155.     Paragraph 155 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

156.     Paragraph 156 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

157.     Paragraph 157 states a legal conclusion to which no response is required.

To the extent a response is required, Defendant denies it.

## Mitigation

158.     Defendant denies the allegations contained in Paragraph 158, and respectfully refers the Court to NEPA and the regulations cited therein for their full context and import.

159.     Defendant denies the allegations contained in Paragraph 159, and respectfully refers the Court to NEPA and the regulations cited therein for their full context and import.

160.     Paragraph 160 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

161.     Paragraph 161 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

162.     Paragraph 162 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

## Consideration of a Reasonable Range of Alternatives

163.     Defendant denies the allegations contained in Paragraph 163, and respectfully refers the Court to NEPA and the regulations cited therein for their full context and import.

164.     Paragraph 164 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

165.     Paragraph 165 states a legal conclusion to which no response is required.

To the extent a response is required, Defendant denies it.

166.     Paragraph 166 states a legal conclusion to which no response
is required. To the extent a response is required, Defendant denies it.

## Direct, Indirect, and Cumulative Impacts of the
## Congestion Pricing Plan

167.     Defendant denies the allegations contained in Paragraph 167, and
respectfully refers the Court to NEPA and the regulations cited therein for their full context
and import.

168.     Paragraph 168 states a legal conclusion to which no response is required.
To the extent a response is required, Defendant denies it.

169.     Paragraph 169 states a legal conclusion to which no response is required.
To the extent a response is required, Defendant denies it.

170.     Paragraph 170 states a legal conclusion to which no response is required.
To the extent a response is required, Defendant denies it.

171.     Paragraph 171 states a legal conclusion to which no response is required.
To the extent a response is required, Defendant denies it.

172.     Paragraph 172 states a legal conclusion to which no response is required.
To the extent a response is required, Defendant denies it.

## SECOND CLAIM FOR RELIEF

173.     Defendants adopt by reference their responses to all preceding Paragraphs.

174.     Defendant denies the allegations contained in Paragraph 174, and

respectfully refers the Court to NEPA and the regulations cited therein for their full context and import.

175.    Defendant denies the allegations contained in Paragraph 175, and respectfully refers the Court to NEPA and the regulations cited therein for their full context and import.

176.    Defendant denies the allegations in Paragraph 176, and respectfully refers the Court to TMRB's November 30, 2023 recommendation for its full context and import.

177.    Paragraph 177 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

178.    Paragraph 178 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

179.    Paragraph 179 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

180.    Defendant denies the allegations contained in Paragraph 180.

181.    Defendant denies the allegations contained in Paragraph 181, and respectfully refers the Court to the statements referenced therein for their full context and import.

182.    Defendant denies the allegations contained in Paragraph 182.

183.    Paragraph 183 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

184.     Paragraph 184 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

## THIRD CLAIM FOR RELIEF

185.     Defendants adopt by reference their responses to all preceding Paragraphs.

186.     Paragraph 186 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

187.     Paragraph 187 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

188.     Paragraph 188 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

189.     Paragraph 189 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

190.     Paragraph 190 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

191.     Paragraph 191 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

192.     Paragraph 192 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

193.     Paragraph 193 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

## FOURTH CLAIM FOR RELIEF

194.     Defendants adopt by reference their responses to all preceding Paragraphs.

195.     Defendant denies the allegations contained in Paragraph 195, and respectfully refers the Court to the Constitutional provisions cited therein for their full context and import.

196.     Paragraph 196 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

197.     Defendant denies the allegations contained in Paragraph 197.

198.     Defendant denies the allegations contained in Paragraph 198.

199.     Paragraph 199 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

200.     Paragraph 200 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

201.     Paragraph 201 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

## FIFTH CLAIM FOR RELIEF

202.     Defendants adopt by reference their responses to all preceding Paragraphs.

203.     Defendant denies the allegations contained in Paragraph 203, and respectfully refers the Court to the Constitutional provisions cited therein for their full context and import.

204.    Paragraph 204 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

205.    Paragraph 205 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

206.    Paragraph 206 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it.

207.    Defendant denies the allegations contained in Paragraph 207.

208.    Defendant denies the allegations contained in Paragraph 208.

209.    Defendant denies the allegations contained in Paragraph 209

210.    Defendant denies the allegations contained in Paragraph 210.

## **GENERAL DENIAL**

Defendant hereby denies any of the allegations in Plaintiff's Complaint which have not been specifically admitted, denied, or otherwise answered.

## **AFFIRMATIVE DEFENSES**

1. The claims asserted in the Complaint fail, in whole or in part, to state a claim upon which relief may be granted.

2. The claims asserted in the Complaint are barred, in whole or in part, by equitable doctrines, including but not limited to laches, waiver, and estoppel and unclean hands.

3. The claims asserted in the Complaint are barred, in whole or in part, by the statute of limitations.

4. One or more Plaintiffs lacks standing to assert some or all of the claims alleged in the Complaint.

5. Some or all of Plaintiffs' claims are barred for failure to exhaust administrative remedies.

6. Some or all of the claims asserted in the Complaint are not ripe for adjudication.

7. The FHWA undertook the functional equivalent of an EIS.

**WHEREFORE**, Defendant hereby requests that this Court dismiss Plaintiff's Complaint with prejudice and award Defendant such other relief as this Court deems just, proper and equitable under the circumstances, including, without limitation, costs and attorneys' fees.

Dated:  New York, New York
        April 16, 2020

Respectfully Submitted,

Hon. SYLVIA O. HINDS-RADIX
Corporation Counsel of
    the City of New York
*Attorney for Defendant New York City*
    *Department of Transportation*

By:    _____

Nathan Taylor
Senior Counsel
Environmental Law Division
New Yoyk City Law Department
100 Church Street, Room 6-145
New York, New York 10007
Tel: (212) 356-2315
Email: ntaylor@law.nyc.gov