# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

<table>
<tr>
<td>

ELIZABETH CHAN, TAMARA HOFFMAN, RACHEL EHRENPREIS, CHAIM KATZ, WINNIE CHEUNG, MEIR EHRENPREIS, JOHN BAILEY, SEAN CARNEY, LUIS DIAZ AND FAMILIES FOR A BETTER PLAN FOR CONGESTION,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF TRANSPORTATION, FEDERAL HIGHWAY ADMINISTRATION, THE METROPOLITAN TRANSPORATION AUTHORITY, THE TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, SHAILEN BHATT, in his official capacity as Administrator of the Federal Highway Administration, RICHARD J. MARQUIS, in his official capacity as Division Administrator of the New York Division of the Federal Highway Administration, NICHOLAS A. CHOUBAH, P.E. in his official capacity as Chief Engineer for the New York State Department of Transportation, WILLIAM J. CARRY in his official capacity as Assistant Commissioner for Policy for the New York City Department of Transportation,

Defendants.

</td>
<td>

Hon. Lewis J. Liman

Civ. No. 23-cv-10365-LJL

**ANSWER TO AMENDED COMPLAINT BY DEFENDANTS THE METROPOLITAN TRANSPORTATION AUTHORITY AND THE TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY**

</td>
</tr>
</table>

Defendants the Metropolitan Transportation Authority (the "MTA") and the Triborough Bridge and Tunnel Authority ("TBTA") (jointly, "Defendants"), by and through their attorneys, Sive, Paget & Riesel, P.C., by way of Answer to the Amended Complaint of Plaintiffs Elizabeth Chan, Tamara Hoffman, Rachel Ehrenpreis, Chaim Katz, Winnie Cheung, Meir Ehrenpreis, John Bailey, Sean Carney, Luis Diaz, and Families for a Better Plan for Congestion (together, "Plaintiffs") hereby state:

## I.    NATURE OF THE CASE[1]

1.     Defendants deny the allegations contained in Paragraph 1 of the Amended Complaint, except to the extent that Paragraph 1 contains conclusions of law for which no response is required.

2.     Defendants deny the allegations contained in Paragraph 2 of the Amended Complaint, except to the extent that Paragraph 2 contains conclusions of law for which no response is required, and respectfully refer the Court to the Final Environmental Assessment ("Final EA") and Finding of No Significant Impact ("FONSI") for the Central Business District Tolling Program ("CBDTP" or the "Project") for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

3.     Defendants respectfully refer the Court to the federal regulation cited in Paragraph 3 as the best evidence of its contents and deny any allegations inconsistent with it, and deny the remaining allegations in Paragraph 3, except to the extent these allegations contain conclusions of law for which no response is required.

4.     Defendants admit that the Draft Environmental Assessment ("Draft EA") was made available to the public on August 10, 2022, and respectfully refer the Court to the MTA Reform and Traffic Mobility Act of 2019 as the best evidence of its contents and deny any allegations inconsistent with it. Defendants lack knowledge or information sufficient to form a belief as to what the Battery Park City ("BPC") community is familiar with or deems important and therefore deny those allegations, and deny the remaining allegations in Paragraph 4.

5.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation concerning the percentage of BPC residents who own or park cars downtown.

---

[1] Defendants make no response to the headings and subheadings listed in the Amended Complaint. To the extent a response is required to the headings and subheadings, they are denied.

Defendants deny the remaining allegations contained in Paragraph 5 of the Amended Complaint, except to the extent that Paragraph 5 contains conclusions of law for which no response is required, and respectfully refer the Court to the Final EA and FONSI for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

6.      Defendants admit that there are environmental justice communities in downtown Manhattan.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "proximity" of BPC to environmental justice communities in downtown Manhattan, and deny the remaining allegations contained in Paragraph 6 of the Amended Complaint, except to the extent Paragraph 6 contains conclusions of law for which no response is required; Defendants respectfully refer the Court to the Final EA as the best evidence of its contents and deny any allegations inconsistent with it.

7.      Defendants deny the allegations contained in Paragraph 7 of the Amended Complaint, except to the extent Paragraph 7 contains conclusions of law for which no response is required, and respectfully refer the Court to the Final EA and FONSI for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

8.      Defendants deny the allegations contained in Paragraph 8 of the Amended Complaint, and respectfully refer the Court to the Final EA for its full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

9.      Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Amended Complaint, and therefore deny those allegations.

10.     Defendants deny the allegations contained in Paragraph 10 of the Amended

Complaint, except to the extent Paragraph 10 contains conclusions of law for which no response is required; Defendants respectfully refer the Court to the Final EA cited in Paragraph 10 of the Amended Complaint as the best evidence of its contents and deny any allegations inconsistent with it.

11.     Defendants deny the allegations contained in Paragraph 11 of the Amended Complaint, except admit that the Draft EA was made available for a 30-day formal comment period, that the Federal Highway Administration ("FHWA") extended the comment period for 14 days pursuant to 23 C.F.R. § 771.119(e), and respectfully refer the Court to the Draft EA for its full contents; to the extent the allegations in Paragraph 11 are inconsistent with the contents of this document, the allegations are denied.

12.     Defendants deny the allegations contained in Paragraph 12 of the Amended Complaint, except admit that FHWA and the Project Sponsors (TBTA, an affiliate of the MTA; the New York State Department of Transportation; and the New York City Department of Transportation) received more than 69,000 submissions from the public, admit that one Plaintiff (John Bailey) submitted a comment on the Draft EA during the public comment period, and admit that the Draft EA was not published in the Federal Register but was publicized in a myriad of other ways as outlined in Chapter 18 of the Final EA.  Defendants respectfully refer the Court to the Draft EA and Final EA for their full contents; to the extent the allegations in Paragraph 12 are inconsistent with the contents of these documents, the allegations are denied.

13.     Defendants deny the allegations contained in Paragraph 13 of the Amended Complaint, except admit that FHWA published a draft FONSI in early May 2023.  Defendants respectfully refer the Court to the draft FONSI for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

14.     Defendants deny the allegations contained in Paragraph 14 of the Amended Complaint, except to the extent that Paragraph 14 contains conclusions of law for which no response is required.

15.     Defendants deny the allegations contained in Paragraph 15 of the Amended Complaint, and respectfully refer the Court to the Final EA and FONSI for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

16.     Defendants lack knowledge or information sufficient to form a belief as to the nature of the eight unspecified federal transportation projects and therefore deny the allegations; Defendants deny the remaining allegations contained in Paragraph 16 of the Amended Complaint, except to the extent that Paragraph 16 contains conclusions of law for which no response is required.

17.     Defendants lack knowledge or information sufficient to form a belief as to what New Yorkers generally recognize and therefore deny the allegation; Defendants deny the remaining allegations contained in Paragraph 17 of the Amended Complaint, except to the extent that Paragraph 17 contains conclusions of law for which no response is required, and respectfully refer the Court to the Final EA and FONSI for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

18.     Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiffs have families that live, work, or go to school in Lower Manhattan and therefore deny the allegations; Defendants deny the remaining allegations in Paragraph 18 of the Amended Complaint, and respectfully refer the Court to the Final EA and FONSI for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are

denied.

19.     Defendants deny the allegations contained in Paragraph 19 of the Amended Complaint and respectfully refer the Court to the Traffic Mobility Act, the Final EA, and the FONSI for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

20.     Defendants deny the allegations contained in Paragraph 20 of the Amended Complaint and respectfully refer the Court to the Final EA and FONSI for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

21.     Defendants aver that Paragraph 21 of the Amended Complaint contains conclusions of law for which no response is required.

22.     Defendants deny the allegations contained in Paragraph 22, except admit that the Traffic Mobility Review Board ("TMRB") issued a recommended tolling structure in November 2023, and respectfully refer the Court to the TMRB's recommended tolling structure for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

23.     Defendants deny the allegations contained in Paragraph 23 of the Amended Complaint, except admit that the Final EA considered a range of tolling scenarios with different attributes, and respectfully refer the Court to the Final EA and FONSI for the Project; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

24.     Defendants deny the allegations contained in Paragraph 24 of the Amended Complaint, except to the extent that Paragraph 24 contains conclusions of law for which no response is required, and respectfully refer the Court to the Final EA and FONSI for their full

contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

25.     Defendants deny the allegations contained in Paragraph 25 of the Amended Complaint and deny that Plaintiffs are entitled to any relief.

## II.     JURISDICTION AND VENUE

26.     Defendants admit that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1346 with respect to Plaintiffs' claims arising under the Administrative Procedure Act and the United States Constitution; Defendants deny that the Court has supplemental jurisdiction over Plaintiffs' state-law claims under 28 U.S.C. § 1367(a).

27.     Defendants admit that venue is proper in this district pursuant to 28 U.S.C. § 1391.

## III.     PARTIES

28.     To the extent that Paragraph 28 alleges that the tolling structure recommended by the TMRB has been approved by TBTA, Defendants deny the allegation.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of the Amended Complaint and therefore deny the allegations, and respectfully refer the Court to the Final EA and FONSI for the Project; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

29.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Amended Complaint and therefore deny the allegations.

30.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Amended Complaint regarding Plaintiff Ehrenpreis, her family and her home and therefore deny the allegations. Defendants deny the

remaining allegations contained in Paragraph 30 and respectfully refer the Court to the Final EA and FONSI; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

31.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Amended Complaint regarding Plaintiff Katz and his family and therefore deny the allegations; Defendants deny the remaining allegations contained in Paragraph 31 of the Amended Complaint and respectfully refer the Court to the Final EA and FONSI; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

32.     To the extent that Paragraph 32 alleges that the tolling structure recommended by the TMRB has been approved by TBTA, Defendants deny the allegation.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32 of the Amended Complaint and therefore deny the allegations.

33.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Amended Complaint and therefore deny the allegations.

34.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Amended Complaint and therefore deny the allegations, except admit that Plaintiff John Bailey submitted a comment on the Draft EA, but deny that said comment was ignored.

35.     To the extent that Paragraph 35 alleges that the tolling structure recommended by the TMRB has been approved by TBTA, Defendants deny the allegation.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 35 of the Amended Complaint and therefore deny the allegations.

36.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Amended Complaint and therefore deny the allegations.

37.     Defendants deny that Families for a Better Plan for Congestion submitted comments during the environmental review process.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of the Amended Complaint and therefore deny the allegations.

38.     Defendants admit that Defendant the U.S. Department of Transportation ("USDOT") is the executive department of the federal government responsible for oversight of the transportation planning process, including implementing the requirements of the National Environmental Policy Act ("NEPA").

39.     Defendants admit that Defendant FHWA is a federal agency within USDOT with certain responsibilities under federal law, and deny the remaining allegations contained in Paragraph 39 of the Amended Complaint, except to the extent those allegations contain conclusions of law for which no response is required.

40.     Defendants admit that Defendant the MTA is a public benefit corporation established under New York law and respectfully refer the Court to the New York Public Authorities Law for its full contents; to the extent the allegations are inconsistent with the contents of the New York Public Authorities Law, the allegations are denied. Defendants deny that the MTA is a program sponsor for the Project, but admit that TBTA, which is an affiliate of the MTA, is a Project Sponsor of the Project.

41.     Defendants deny the allegations contained in Paragraph 41, except admit that

Defendant TBTA is a public benefit corporation established under New York law, and respectfully refer the Court to the New York Public Authorities Law and the Traffic Mobility Act for their full contents; to the extent the allegations are inconsistent with the contents of the New York Public Authorities Law and the Traffic Mobility Act, the allegations are denied.

42.     Defendants admit that Defendant Shailen Bhatt is the Administrator of FHWA and deny the remaining allegations in Paragraph 42, except to the extent these allegations contain conclusions of law for which no response is required.

43.     Defendants admit that Defendant Richard J. Marquis is the Division Administrator for the New York Division of FHWA and signed the Final EA and FONSI; Defendants deny the remaining allegations in Paragraph 43, except to the extent these allegations contain conclusions of law for which no response is required.

44.     Defendants admit that Defendant Nicolas A. Choubah, P.E.,[2] is or previously was the Chief Engineer at the New York State Department of Transportation and signed the Final EA and FONSI; Defendants deny the remaining allegations in Paragraph 44, except to the extent these allegations contain conclusions of law for which no response is required.

45.     Defendants admit that Defendant William J. Carry is the Assistant Commissioner for Policy at the New York City Department of Transportation and was listed as the contact person for the New York City Department of Transportation in the Final EA; Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation that Defendant Carry "received a copy of the Plaintiff's response to the EA" and deny the remaining allegations in Paragraph 45, except to the extent these allegations contain conclusions of law for which no response is required.

---

[2] Defendants note that the Amended Complaint names Nicholas A. Choubah; the correct spelling is Nicolas A. Choubah, P.E.

## IV.  **FACTS**

46.     Defendants admit that NEPA was enacted by Congress in 1969 and signed into law in 1970, respectfully refer the Court to the Federal regulation cited in Paragraph 46 of the Amended Complaint as the best evidence of its contents and deny any allegations inconsistent with it, and deny the remaining allegations in Paragraph 46, except to the extent these allegations contain conclusions of law for which no response is required.

47.     Defendants aver that Paragraph 47 of the Amended Complaint contains conclusions of law for which no response is required.

48.     Defendants aver that Paragraph 48 of the Amended Complaint contains conclusions of law for which no response is required.

49.     Defendants aver that Paragraph 49 of the Amended Complaint contains conclusions of law for which no response is required.

50.     Defendants aver that Paragraph 50 of the Amended Complaint contains conclusions of law for which no response is required.

51.     Defendants aver that Paragraph 51 of the Amended Complaint contains conclusions of law based on an Executive Order and federal agency guidance for which no response is required.

52.     Defendants aver that Paragraph 52 of the Amended Complaint contains conclusions of law based on an Executive Order for which no response is required.

53.     Defendants aver that Paragraph 53 of the Amended Complaint contains conclusions of law based on federal agency guidance for which no response is required.

54.     Defendants aver that Paragraph 54 of the Amended Complaint contains conclusions of law based on federal agency guidance for which no response is required.

55.     Defendants deny the allegations contained in Paragraph 55 of the Amended

Complaint, except to the extent that Paragraph 55 contains conclusions of law for which no response is required.

56.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning the number of projects in New York State for which an EIS was prepared, deny the remaining allegations contained in Paragraph 56 of the Amended Complaint, and aver that a determination of a federal agency to require the preparation of an Environmental Assessment or Environmental Impact Statement is a fact-specific determination.

57.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the projects cited in Paragraph 57, deny the remaining allegations contained in Paragraph 57 of the Amended Complaint, and aver that a determination of a federal agency to require the preparation of an Environmental Assessment or Environmental Impact Statement is a fact-specific determination.

58.     To the extent that Paragraph 58 alleges that the tolling structure recommended by the TMRB has been approved by TBTA, Defendants deny the allegation.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the projects cited in Paragraph 58. Defendants deny the remaining allegations in Paragraph 58 of the Amended Complaint, and respectfully refer the Court to the Final EA and FONSI; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

59.     Defendants deny the allegations contained in Paragraph 59 of the Amended Complaint and respectfully refer the Court to the report of the "Fix NYC Advisory Panel" for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

60.     Defendants deny the allegations contained in Paragraph 60 of the Amended

Complaint, except to the extent Paragraph 60 contains conclusions of law for which no response is required.

61.     Defendants aver that Paragraph 61 of the Amended Complaint contains conclusions of law for which no response is required, and respectfully refer the Court to the Traffic Mobility Act for its full contents; to the extent the allegations in Paragraph 61 are inconsistent with the Traffic Mobility Act, those allegations are denied.

62.     Defendants aver that Paragraph 62 of the Amended Complaint contains conclusions of law for which no response is required, and respectfully refer the Court to the Traffic Mobility Act and the document referenced in Paragraph 62 for their full contents; to the extent the allegations in Paragraph 62 are inconsistent with those documents, those allegations are denied.

63.     Defendants aver that Paragraph 63 of the Amended Complaint contains conclusions of law for which no response is required, and respectfully refer the Court to the documents referenced in Paragraph 63 for their full contents; to the extent the allegations in Paragraph 63 are inconsistent with the contents of these documents, the allegations are denied.

64.     Defendants deny the allegations contained in Paragraph 64 of the Amended Complaint, except admit that one or more of the Project Sponsors met with representatives of the federal government in 2019 and 2020 to discuss advancing the Project consistent with law and that, as of July 2020, the Project Sponsors had not been advised of the type of review that would be, at least initially, required pursuant to NEPA; Defendants respectfully refer the Court to the document cited in Paragraph 64 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

65.     Defendants respectfully refer the Court to the documents referenced in Paragraph 65, including the MTA Board Meeting Minutes on March 17, 2021, for their full contents; to the

extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

66.     Defendants admit that FHWA authorized the Project Sponsors to proceed with a NEPA Class III (EA) action under 23 C.F.R. § 771 in a letter dated March 30, 2021, and respectfully refer the Court to that letter for its full contents; to the extent the allegations are inconsistent with the contents of that document, the allegations are denied.

67.     Defendants admit that preparation of the Draft EA began in the Spring of 2021; Defendants deny the remaining allegations and respectfully refer the Court to the Draft EA referenced in Paragraph 67 for its full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

68.     Defendants admit that the Draft EA was made available to the public on August 10, 2022, admit that one Plaintiff (John Bailey) submitted a comment on the Draft EA during the public comment period, deny the remaining allegations in Paragraph 68 of the Amended Complaint, and respectfully refer the Court to the Draft EA for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

69.     Defendants deny the allegations in Paragraph 69 of the Amended Complaint, and respectfully refer the Court to the September 22, 2022 letter from the U.S. Environmental Protection Agency to FHWA referenced in Paragraph 69 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

70.     Defendants deny the allegations in Paragraph 70 of the Amended Complaint, and respectfully refer the Court to the September 22, 2022 letter from the U.S. Environmental Protection Agency to FHWA referenced in Paragraph 70 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

71.     Defendants deny the allegations in Paragraph 71 of the Amended Complaint, and respectfully refer the Court to the September 22, 2022 letter from the U.S. Environmental Protection Agency to FHWA referenced in Paragraph 71 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

72.     Defendants deny the allegations in Paragraph 72 of the Amended Complaint, and respectfully refer the Court to the September 22, 2022 letter from the U.S. Environmental Protection Agency to FHWA referenced in Paragraph 72 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

73.     Defendants admit that FHWA published the Final EA in early May 2023.

74.     Defendants admit that in conjunction with the Final EA, FHWA published a Draft FONSI.  Defendants respectfully refer the Court to the Draft FONSI for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

75.     Defendants deny the allegations contained in Paragraph 75 of the Amended Complaint, and respectfully refer the Court to the Draft FONSI referenced in Paragraph 75 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

76.     Defendants deny the allegations contained in Paragraph 76 of the Amended Complaint, and respectfully refer the Court to the Draft FONSI referenced in Paragraph 76 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

77.     Defendants deny the allegations contained in Paragraph 77 of the Amended Complaint, except admit that the Draft FONSI was made available for public review for 30 days.

78.     Defendants deny the allegations contained in Paragraph 78 of the Amended Complaint.

79.     Defendants admit that FHWA published the FONSI on June 23, 2023, deny the remaining allegations contained in paragraph 79 of the Amended Complaint, and respectfully refer the Court to the FONSI and Final EA referenced in Paragraph 79 for their full contents; to the extent the allegations are inconsistent with these documents, the allegations are denied.

80.     Defendants deny the allegations contained in Paragraph 80 of the Amended Complaint.

81.     Defendants admit that BPC is an approximately 92-acre neighborhood with numerous residences, located on the west side of the southern tip of the island of Manhattan in New York City that is generally bounded by the Hudson River on the west, the Hudson River shoreline on the north and south, and West Street to the east.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81 and therefore deny those allegations.

82.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the "considerable public and private efforts to revitalize" Battery Park City and Lower Manhattan and therefore deny those allegations.  Defendants deny the remaining allegations contained in Paragraph 82 of the Amended Complaint and respectfully refer the Court to the Final EA referenced in Paragraph 82 for its full contents; to the extent the allegations are inconsistent with this document, the allegations are denied.

83.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 and therefore deny those allegations, except admit that there are residential buildings and other uses along West Street.

84.     Defendants deny the allegations contained in Paragraph 84 of the Amended Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of the Amended Complaint, except admit that the boundaries of the Central Business District were established in the Traffic Mobility Act and respectfully refer the Court to the Traffic Mobility Act for its full contents; to the extent the allegations are inconsistent with this document, the allegations are denied.

86.     Defendants deny that "BPC residents are being held hostage." Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Amended Complaint regarding access to BPC and Lower Manhattan and therefore deny those allegations, and deny the remaining allegations contained in Paragraph 86.

87.     Defendants deny the allegations contained in Paragraph 87 of the Amended Complaint.

88.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation concerning the percentage of BPC residents that are children and therefore deny the allegation; Defendants deny the remaining allegations contained in Paragraph 88 of the Amended Complaint.

89.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation concerning the specific uses of properties along West Street; Defendants deny the remaining allegations contained in Paragraph 89 of the Amended Complaint.

90.     Defendants deny the allegations contained in Paragraph 90 of the Amended Complaint, except to the extent Paragraph 90 contains conclusions of law for which no response is required.

91.     Defendants deny the allegations contained in Paragraph 91 of the Amended Complaint, and respectfully refer the Court to the Final EA for its full contents; to the extent the allegations are inconsistent with this document, the allegations are denied.

92.     Defendants deny the allegations contained in Paragraph 92 of the Amended Complaint, and respectfully refer the Court to the Final EA for its full contents; to the extent the allegations are inconsistent with this document, the allegations are denied.

93.     Defendants deny the allegations contained in Paragraph 93 of the Amended Complaint.

94.     Defendants deny the allegations contained in Paragraph 94 of the Amended Complaint.

95.     Defendants deny the allegations contained in Paragraph 95 of the Amended Complaint, and respectfully refer the Court to the Final EA for its full contents; to the extent the allegations are inconsistent with this document, the allegations are denied.

96.     Defendants deny the allegations contained in Paragraph 96 of the Amended Complaint, except to the extent that Paragraph 96 contains conclusions of law for which no response is required.

97.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and therefore deny the allegations.

98.     Defendants deny the allegations contained in Paragraph 98 of the Amended Complaint, except to the extent that Paragraph 98 contains conclusions of law for which no response is required, and respectfully refer the Court to the Final EA for its full contents; to the extent the allegations are inconsistent with this document, the allegations are denied.

99.     Defendants deny the allegations contained in Paragraph 99 of the Amended

Complaint, and respectfully refer the Court to the Final EA for its full contents; to the extent the allegations are inconsistent with this document, the allegations are denied.

100.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' participation in the NEPA process. Defendants respectfully refer the Court to the federal regulation cited in Paragraph 100 as the best evidence of its contents and deny any allegations inconsistent with it. Defendants deny the remaining allegations in Paragraph 100, except to the extent these allegations contain conclusions of law for which no response is required.

101.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Amended Complaint, except admit that certain comments were submitted on the Draft EA relating to BPC and Lower Manhattan.  Defendants respectfully refer the Court to the Final EA for its full contents; to the extent the allegations are inconsistent with this document, the allegations are denied.

102.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Amended Complaint and therefore deny the allegations.

103.    Defendants deny the allegations contained in Paragraph 103 of the Amended Complaint, and respectfully refer the Court to the June 12, 2023 comment package referenced in Paragraph 103 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

104.    Defendants admit that FHWA published the FONSI on June 23, 2023; Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' interactions with unnamed local officials and therefore deny the allegations. Defendants deny the remaining allegations contained in Paragraph 104 of the Amended Complaint,

and respectfully refer the Court to the FONSI referenced in Paragraph 104 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

105.    Defendants deny the allegations contained in Paragraph 105 of the Amended Complaint, except to the extent Paragraph 105 contains conclusions of law for which no response is required.

106.    Defendants deny the allegations contained in Paragraph 106 of the Amended Complaint, except to the extent Paragraph 106 contains conclusions of law for which no response is required.

107.    Defendants deny the allegations contained in Paragraph 107 of the Amended Complaint, and respectfully refer the Court to the September 22, 2022 letter from the U.S. Environmental Protection Agency to FHWA referenced in Paragraph 107 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

108.    Defendants deny the allegations contained in Paragraph 108 of the Amended Complaint, and respectfully refer the Court to the Final EA referenced in Paragraph 108 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

109.    Defendants admit that the Project Sponsors have allocated $155 million over 5 years to be spent on certain regional and place-based mitigation measures, and deny the remaining allegations contained in Paragraph 109 of the Amended Complaint.

110.    Defendants deny the allegations contained in Paragraph 110 of the Amended Complaint, except to the extent Paragraph 110 contains conclusions of law for which no response

is required, and respectfully refer the Court to the Final EA referenced in Paragraph 110 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

111.    Defendants deny the allegations contained in Paragraph 111 of the Amended Complaint, and respectfully refer the Court to the Final EA and Traffic Mobility Act referenced in Paragraph 111 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

112.    Defendants deny the allegations contained in Paragraph 112 of the Amended Complaint, and respectfully refer the Court to the Final EA referenced in Paragraph 112 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

113.    Defendants deny the allegations contained in Paragraph 113 of the Amended Complaint, and respectfully refer the Court to the documents referenced in Paragraph 113 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

114.    Defendants deny the allegations contained in Paragraph 114 of the Amended Complaint, except to the extent Paragraph 114 contains conclusions of law for which no response is required, and respectfully refer the Court to the documents referenced in Paragraph 114 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

115.    Defendants deny the allegations contained in Paragraph 115 of the Amended Complaint.

116.    Defendants deny the allegations contained in Paragraph 116 of the Amended

Complaint, and respectfully refer the Court to the Final EA referenced in Paragraph 116 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

117.    Defendants deny the allegations contained in Paragraph 117 of the Amended Complaint, and respectfully refer the Court to the documents referenced in Paragraph 117 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

118.    Defendants deny the allegations contained in Paragraph 118 of the Amended Complaint, and respectfully refer the Court to the Final EA referenced in Paragraph 118 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

119.    Defendants deny the allegations contained in Paragraph 119 of the Amended Complaint, and respectfully refer the Court to the Final EA referenced in Paragraph 119 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

120.    Defendants deny the allegations contained in Paragraph 120 of the Amended Complaint, and respectfully refer the Court to the Final EA and FONSI to the extent referenced in Paragraph 120 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

121.    Defendants aver that Paragraph 121 of the Amended Complaint contains conclusions of law for which no response is required, and respectfully refer the Court to the federal regulation cited in Paragraph 121 as the best evidence of its contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

122.    Defendants aver that Paragraph 122 of the Amended Complaint contains conclusions of law for which no response is required, and respectfully refer the Court to the federal regulation cited in Paragraph 122 as the best evidence of its contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

123.    Defendants deny the allegations contained in Paragraph 123 of the Amended Complaint, except to the extent Paragraph 123 contains conclusions of law for which no response is required, and respectfully refer the Court to the Final EA referenced in Paragraph 123 for its full contents; to the extent the allegations are inconsistent with the contents of this document, the allegations are denied.

124.    Defendants deny the allegations contained in Paragraph 124 of the Amended Complaint, except to the extent Paragraph 124 contains conclusions of law for which no response is required, and respectfully refer the Court to the Final EA and FONSI referenced in Paragraph 124 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

125.    Defendants deny the allegations contained in Paragraph 125 of the Amended Complaint, except to the extent Paragraph 125 contains conclusions of law for which no response is required, and respectfully refer the Court to the Final EA and the TMRB's recommended tolling structure referenced in Paragraph 125 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

126.    Defendants deny the allegations contained in Paragraph 126 of the Amended Complaint, except admit that the TRMB issued a recommended tolling structure in November 2023, and respectfully refer the Court to the FONSI and the TMRB's recommended tolling structure for their full contents; to the extent the allegations are inconsistent with the contents of

these documents, the allegations are denied.

127.    Defendants respectfully refer the Court to the TMRB's recommended tolling structure cited in Paragraph 127 of the Amended Complaint as the best evidence of its contents and deny any allegations inconsistent with it.

128.    Defendants respectfully refer the Court to the TMRB's recommended tolling structure cited in Paragraph 128 of the Amended Complaint as the best evidence of its contents and deny any allegations inconsistent with it.

129.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Amended Complaint and therefore deny those allegations.

130.    Defendants respectfully refer the Court to the TMRB's recommended tolling structure cited in Paragraph 130 of the Amended Complaint as the best evidence of its contents and deny any allegations inconsistent with it.

131.    Defendants respectfully refer the Court to the TMRB's recommended tolling structure cited in Paragraph 131 of the Amended Complaint as the best evidence of its contents and deny any allegations inconsistent with it.

132.    Defendants respectfully refer the Court to TMRB's recommended tolling structure cited in Paragraph 132 of the Amended Complaint as the best evidence of its contents and deny any allegations inconsistent with it.

133.    Defendants deny the allegations contained in Paragraph 133 of the Amended Complaint, and respectfully refer the Court to the TMRB's recommended tolling structure and the United States Census Bureau website cited in Paragraph 133 as the best evidence of their contents and deny any allegations inconsistent with them.

134.    Defendants respectfully refer the Court to the source of the quoted statement referenced in Paragraph 134 of the Amended Complaint as the best evidence of its contents and deny any allegations inconsistent with it.

135.    Defendants deny the allegations contained in Paragraph 135 of the Amended Complaint.

136.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Local Laws 60 and 64 or the Environmental Justice Plan cited in Paragraph 136 of the Amended Complaint, except to the extent Paragraph 136 contains conclusions of law for which no response is required, and respectfully refer the Court to Local Laws 60 and 64 as the best evidence of their contents; to the extent the allegations are inconsistent with the contents of those documents, the allegations are denied.  Defendants deny the remaining allegations contained in Paragraph 136.

137.    Defendants deny the allegations contained in Paragraph 137 of the Amended Complaint, and respectfully refer the Court to the Final EA and the TMRB's recommended tolling structure referenced in Paragraph 137 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

138.    Defendants admit that on December 6, 2023, the TBTA Board, which is coterminous with the MTA Board, voted to begin public review of a tolling structure for the Project, and respectfully refer the Court to the documents cited in Paragraph 138 of the Amended Complaint as the best evidence of their contents and deny any allegations inconsistent with them.

139.    Defendants deny the allegations contained in Paragraph 139 of the Amended Complaint, and respectfully refer the Court to the documents cited in Paragraph 139 of the Amended Complaint as the best evidence of their contents and deny any allegations inconsistent

with them.

140.     Defendants respectfully refer the Court to the document cited in Paragraph 140 of the Amended Complaint as the best evidence of its contents and deny any allegations inconsistent with it.

141.     Defendants respectfully refer the Court to the document cited in Paragraph 141 of the Amended Complaint as the best evidence of its contents and deny any allegations inconsistent with it.

142.     Defendants deny the allegations in Paragraph 142 of the Amended Complaint, and respectfully refer the Court to the document cited in Paragraph 142 as the best evidence of its contents and deny any allegations inconsistent with it.

143.     Defendants deny the allegations contained in Paragraph 143 of the Amended Complaint, except admit that sixty percent of the tolling infrastructure for the Project has been installed as of December 6, 2023, and respectfully refer the Court to the recording of the December 6, 2023 MTA Board Meeting and deny any allegations inconsistent with it.

## FIRST CLAIM FOR RELIEF

(Violation of National Environmental Policy Act and Administrative Procedure Act)
(42 U.S.C. §§ 4321 et seq.; 5 U.S.C. §§ 701-706)

144.     Defendants adopt by reference their responses to Paragraphs 1 through 143 above.

145.     Defendants deny the allegations contained in Paragraph 145 of the Amended Complaint, except to the extent that Paragraph 145 contains conclusions of law for which no response is required.

146.     Defendants deny the allegations contained in Paragraph 146 of the Amended Complaint, except to the extent that Paragraph 146 contains conclusions of law for which no response is required.

147.    Defendants deny the allegations contained in Paragraph 147 of the Amended Complaint.

148.    Defendants aver that Paragraph 148 of the Amended Complaint contains conclusions of law for which no response is required.

149.    Defendants aver that Paragraph 149 of the Amended Complaint contains conclusions of law for which no response is required.

150.    Defendants aver that Paragraph 150 of the Amended Complaint contains conclusions of law for which no response is required.

151.    Defendants aver that Paragraph 151 of the Amended Complaint contains conclusions of law for which no response is required.

152.    Defendants deny the allegations contained in Paragraph 152 of the Amended Complaint, except to the extent that Paragraph 152 contains conclusions of law for which no response is required.

153.    Defendants deny the allegations contained in Paragraph 153 of the Amended Complaint,.

154.    Defendants deny the allegations contained in Paragraph 154 of the Amended Complaint, except to the extent that Paragraph 154 contains conclusions of law for which no response is required.

155.    Defendants deny the allegations contained in Paragraph 155 of the Amended Complaint.

156.    Defendants deny the allegations contained in Paragraph 156 of the Amended Complaint.

157.    Defendants deny the allegations contained in Paragraph 157 of the Amended

Complaint.

158.     Defendants aver that Paragraph 158 of the Amended Complaint contains conclusions of law for which no response is required.

159.     Defendants aver that Paragraph 159 of the Amended Complaint contains conclusions of law for which no response is required.

160.     Defendants deny the allegations contained in Paragraph 160 of the Amended Complaint, except to the extent that Paragraph 160 contains conclusions of law for which no response is required.

161.     Defendants deny the allegations contained in Paragraph 161 of the Amended Complaint, except to the extent that Paragraph 162 contains conclusions of law for which no response is required.

162.     Defendants deny the allegations contained in Paragraph 162 of the Amended Complaint, except to the extent that Paragraph 162 contains conclusions of law for which no response is required.

163.     Defendants aver that Paragraph 163 contains conclusions of law for which no response is required.

164.     Defendants deny the allegations contained in Paragraph 164 of the Amended Complaint, except to the extent that Paragraph 164 contains conclusions of law for which no response is required.

165.     Defendants deny the allegations contained in Paragraph 165 of the Amended Complaint, except to the extent that Paragraph 165 contains conclusions of law for which no response is required.

166.     Defendants deny the allegations contained in Paragraph 166 of the Amended

Complaint.

167.    Defendants deny the allegations contained in Paragraph 167 of the Amended Complaint, except to the extent that Paragraph 167 contains conclusions of law for which no response is required.

168.    Defendants deny the allegations contained in Paragraph 168 of the Amended Complaint, except to the extent that Paragraph 168 contains conclusions of law for which no response is required.

169.    Defendants deny the allegations contained in Paragraph 169 of the Amended Complaint, except to the extent that Paragraph 169 contains conclusions of law for which no response is required.

170.    Defendants deny the allegations contained in Paragraph 170 of the Amended Complaint, except to the extent that Paragraph 170 contains conclusions of law for which no response is required.

171.    Defendants deny the allegations contained in Paragraph 171 of the Amended Complaint, except to the extent that Paragraph 171 contains conclusions of law for which no response is required.

172.    Defendants deny the allegations contained in Paragraph 172 of the Amended Complaint, except to the extent that Paragraph 172 contains conclusions of law for which no response is required.

## SECOND CLAIM FOR RELIEF
(Violation of NEPA – Failure to Supplement)

173.    Defendants adopt by reference their responses to Paragraphs 1 through 172 above.

174.    Defendants respectfully refer the Court to the federal regulation cited in Paragraph 174 of the Amended Complaint as the best evidence of its contents and deny any allegations

inconsistent with it.

175.    Defendants respectfully refer the Court to the federal regulation cited in Paragraph 175 of the Amended Complaint as the best evidence of its contents and deny any allegations inconsistent with it.

176.    Defendants respectfully refer the Court to the TMRB's recommended tolling structure cited in Paragraph 176 of the Amended Complaint as the best evidence of its contents and deny any allegations inconsistent with it.

177.    Defendants deny the allegations contained in Paragraph 177 of the Amended Complaint, and respectfully refer the Court to the TMRB's recommended tolling structure, the Final EA, and the FONSI cited in Paragraph 177 as the best evidence of their contents and deny any allegations inconsistent with them, except to the extent that Paragraph 177 contains conclusions of law for which no response is required.

178.    Defendants deny the allegations contained in Paragraph 178 of the Amended Complaint, except to the extent that Paragraph 178 contains conclusions of law for which no response is required, and respectfully refer the Court to the TMRB's recommended tolling structure, the Final EA, and the FONSI cited in Paragraph 178 as the best evidence of their contents and deny any allegations inconsistent with them.

179.    Defendants deny the allegations contained in Paragraph 179 of the Amended Complaint, except to the extent that Paragraph 179 contains conclusions of law for which no response is required, and respectfully refer the Court to the TMRB's recommended tolling structure cited in Paragraph 179 as the best evidence of its contents and deny any allegations inconsistent with it.

180.    Defendants deny the allegations contained in Paragraph 180 of the Amended

Complaint, and respectfully refer the Court to the documents referenced in Paragraph 180 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

181.   Defendants deny the allegations contained in Paragraph 181 of the Amended Complaint, and respectfully refer the Court to the documents referenced in Paragraph 181 for their full contents; to the extent the allegations are inconsistent with the contents of these documents, the allegations are denied.

182.   Defendants deny the allegations contained in Paragraph 182 of the Amended Complaint.

183.   Defendants deny the allegations contained in Paragraph 183 of the Amended Complaint, except to the extent Paragraph 183 contains conclusions of law for which no response is required.

184.   Defendants deny the allegations contained in Paragraph 184 of the Amended Complaint, except to the extent that Paragraph 184 contains conclusions of law for which no response is required.

### THIRD CLAIM FOR RELIEF
(Violation of the Dormant Commerce Clause – As Against Non-Federal Defendants)

185.   Defendants adopt by reference their responses to Paragraphs 1 through 184 above.

186.   Defendants aver that Paragraph 186 of the Amended Complaint contains conclusions of law for which no response is required, and respectfully refer the Court to the Commerce Clause cited in Paragraph 186 as the best evidence of its contents and deny any allegations inconsistent with it.

187.   Defendants aver that Paragraph 187 of the Amended Complaint contains conclusions of law for which no response is required, and respectfully refer the Court to the

document referenced in Paragraph 187 as the best evidence of its contents and deny any allegations inconsistent with it.

188.    Defendants aver that Paragraph 188 of the Amended Complaint contains conclusions of law for which no response is required.

189.    Defendants deny the allegations contained in Paragraph 189 of the Amended Complaint, except to the extent Paragraph 189 contains conclusions of law for which no response is required.

190.    Defendants deny the allegations contained in Paragraph 190 of the Amended Complaint, except to the extent that Paragraph 190 contains conclusions of law for which no response is required.

191.    Defendants deny the allegations contained in Paragraph 191 of the Amended Complaint, except to the extent that Paragraph 191 contains conclusions of law for which no response is required.

192.    Defendants deny the allegations contained in Paragraph 192 of the Amended Complaint, except to the extent Paragraph 192 contains conclusions of law for which no response is required.

193.    Defendants deny the allegations contained in Paragraph 193 of the Amended Complaint, except to the extent that Paragraph 193 contains conclusions of law for which no response is required.

## FOURTH CLAIM FOR RELIEF
(Violation of the Right to Travel – As Against Non-Federal Defendants)

194.    Defendants adopt by reference their responses to Paragraphs 1 through 193 above.

195.    Defendants aver that Paragraph 195 of the Amended Complaint contains conclusions of law for which no response is required.

196.    Defendants aver that Paragraph 196 of the Amended Complaint contains conclusions of law for which no response is required.

197.    Defendants deny the allegations contained in Paragraph 197 of the Amended Complaint, except to the extent that Paragraph 197 contains conclusions of law for which no response is required.

198.    Defendants deny the allegations contained in Paragraph 198 of the Amended Complaint, except to the extent Paragraph 198 contains conclusions of law for which no response is required.

199.    Defendants deny the allegations contained in Paragraph 199 of the Amended Complaint, except to the extent that Paragraph 199 contains conclusions of law for which no response is required.

200.    Defendants deny the allegations contained in Paragraph 200 of the Amended Complaint, except to the extent that Paragraph 200 contains conclusions of law for which no response is required.

201.    Defendants deny the allegations contained in Paragraph 201 of the Amended Complaint, except to the extent that Paragraph 201 contains conclusions of law for which no response is required.

**FIFTH CLAIM FOR RELIEF**
(Violation of the New York State Constitution (Green Amendment) –
As Against Non-Federal Defendants)

202.    Defendants adopt by reference their responses to Paragraphs 1 through 201 above.

203.    Defendants aver that Paragraph 203 of the Amended Complaint contains conclusions of law for which no response is required, and respectfully refer the Court to Article 1, Section 19 of the New York State Constitution cited in Paragraph 203 as the best evidence of its

contents and deny any allegations inconsistent with it.

204.    Defendants aver that Paragraph 204 of the Amended Complaint contains conclusions of law for which no response is required.

205.    Defendants aver that Paragraph 205 of the Amended Complaint contains conclusions of law for which no response is required.

206.    Defendants deny the allegations contained in Paragraph 206 of the Amended Complaint, except to the extent Paragraph 206 contains conclusions of law for which no response is required.

207.    Defendants deny the allegations contained in Paragraph 207 of the Amended Complaint.

208.    Defendants deny the allegations contained in Paragraph 208 of the Amended Complaint, and respectfully refer the Court to the Final EA and FONSI cited in Paragraph 208 as the best evidence of their contents and deny any allegations inconsistent with them.

209.    Defendants deny the allegations contained in Paragraph 209 of the Amended Complaint, except to the extent Paragraph 209 contains conclusions of law for which no response is required, and respectfully refer the Court to the local laws cited in Paragraph 209 as the best evidence of their contents and deny any allegations inconsistent with them.

210.    Defendants deny the allegations contained in Paragraph 210 of the Amended Complaint, except to the extent Paragraph 210 contains conclusions of law for which no response is required.

## **REQUEST FOR RELIEF**

Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

**GENERAL DENIAL**

Defendants hereby deny any of the allegations in Plaintiffs' Amended Complaint which have not been specifically admitted, denied, or otherwise answered.

**AFFIRMATIVE DEFENSES**

1. The claims asserted in the Amended Complaint fail, in whole or in part, to state a claim upon which relief may be granted.

2. The claims asserted in the Amended Complaint are, in whole or in part, barred by the statute of limitations.

3. The claims asserted in the Amended Complaint are barred, in whole or in part, by equitable doctrines, including but not limited to laches, waiver, estoppel, and unclean hands.

4. Plaintiffs lacks standing or legal capacity to assert some or all of the claims alleged in the Amended Complaint.

5. Some or all of Plaintiff's claims are barred for failure to exhaust administrative remedies.

6. Some or all of Plaintiff's claims are not ripe for adjudication.

7. FHWA undertook the functional equivalent of an EIS.

**WHEREFORE**, Defendants hereby request that this Court dismiss Plaintiffs' Amended Complaint with prejudice and award Defendants such further relief as this Court deems just, proper, and equitable under the circumstances, including, without limitation, costs and attorneys' fees.

Dated: February 27, 2024

Respectfully submitted,

*/s/ Mark Chertok*

Mark A. Chertok
Elizabeth Knauer
John F. Nelson
SIVE, PAGET & RIESEL, P.C.
560 Lexington Avenue, 15th Floor
New York, NY 10022
(212) 421-2150
mchertok@sprlaw.com
eknauer@sprlaw.com
jnelson@sprlaw.com

and

*/s/ Roberta A. Kaplan*

Roberta A. Kaplan
Gabrielle E. Tenzer
Kaplan Hecker & Fink LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
rkaplan@kaplanhecker.com
gtenzer@kaplanhecker.com

Joshua A. Matz
Kaplan Hecker & Fink LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
jmatz@kaplanhecker.com

*Counsel for Defendants the Metropolitan Transportation Authority and the Triborough Bridge and Tunnel Authority*