UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------- x

ELIZABETH CHAN, *et al.*,

                          Plaintiffs,

                      v.                 :  No. 1:23-cv-10365-LJL

UNITED STATES DEPARTMENT OF
TRANSPORTATION, *et al.*,

                       Defendants.

--------------------------------------------------------------------- x

## MEMORANDUM OF LAW OF DEFENDANT STEPHANIE WINKELHAKE, P.E., IN HER OFFICIAL CAPACITY AS CHIEF ENGINEER OF THE NEW YORK STATE DEPARTMENT OF TRANSPORTATION, <u>IN SUPPORT OF HER MOTION TO DISMISS</u>

LETITIA JAMES
Attorney General of the State of New York
New York State Attorney General's Office
28 Liberty Street
New York, New York 10005
Telephone:  (212) 416-8271

ANDREW G. FRANK
Assistant Attorney General
    *Of Counsel*

April 1, 2024

# **<u>TABLE OF CONTENTS</u>**

<u>Page</u>

TABLE OF AUTHORITIES ...........................................................................................ii

PRELIMINARY STATEMENT ..................................................................................... 1

BACKGROUND .............................................................................................................. 2

      A.    New York State's Congestion Pricing Statute ........................................ 2

      B.    The Federal Highway Administration's Value Pricing Pilot
             Program ........................................................................................................ 3

      C.    The National Environmental Policy Act ................................................. 3

      D.    This Litigation ............................................................................................. 5

ARGUMENT .................................................................................................................... 7

THE COURT DOES NOT HAVE SUBJECT-MATTER JURISDICTION
BECAUSE THE ELEVENTH AMENDMENT IMMUNIZES THE
DEPARTMENT AND ITS OFFICIALS FROM THIS SUIT ..................................... 7

      A.    The Eleventh Amendment Bars Suit Against the Department
             and Its Officials ........................................................................................... 7

      B.    Neither the Waiver Exception to Eleventh Amendment
             Immunity Nor the Abrogation Exception Apply .................................... 8

      C.    The *Ex parte Young* Exception Does Not Apply .................................. 10

             1.    The NEPA Causes of Action Fail to State a
                    Claim Against Ms. Winkelhake ................................................. 11

             2.    The Federal Constitutional Causes of Action
                    Fail to State a Claim Against Ms. Winkelhake ......................... 13

             3.    The State Constitutional Cause of Action Fail to State
                    a Claim Against Ms. Winkelhake .............................................. 14

CONCLUSION............................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

### FEDERAL DECISIONS

*74 Pinehurst LLC v. N.Y.*,
    59 F.4th 55 (2d Cir. 2023), *cert. denied*,
    2024 WL 674658 (Feb. 20, 2024) ...................................................................... 8

*Allen v. Cuomo*,
    100 F.3d 253 (2d Cir. 1996) ............................................................................. 14

*Baltimore Gas & Elec. Co. v. Natural Res. Def. Council*,
    462 U.S. 87 (1983) ............................................................................................ 4

*Brodsky v. U.S. Nuclear Reg. Comm'n*,
    704 F.3d 113 (2d Cir. 2013) ............................................................................ 11

*Carvel v. Cuomo*,
    357 Fed. Appx. 382 (2d Cir. 2009) ............................................................ 13, 14

*Central Va. Community College v. Katz*,
    546 U.S. 356 (2006) .......................................................................................... 9

*Collins v. City Univ. of N.Y.*,
    No. 21 Civ. 9544 (NRB), 2023 WL 1818547 (S.D.N.Y. Feb. 8, 2023) ............. 13

*DeFranco v. Dept. of Envtl. Conserv.*,
    No. 16-2014, 2017 WL 1497977 (E.D.N.Y. Apr. 26, 2017).............................. 8

*Dellmuth v. Muth*,
    491 U.S. 223 (1989) .......................................................................................... 9

*Dube v. State Univ. of N.Y.*,
    900 F.2d 587 (2d Cir. 1990) ............................................................................. 8

*Edelman v. Jordan*,
    415 U.S. 651 (1974) .......................................................................................... 8

*Ex parte Young*,
    209 U.S. 123 (1908) .................................................................................... 1, 10

ii

Page(s)

*Garcia v. Akwesasne Housing Auth.*,
  268 F.3d 76 (2d Cir. 2001) .................................................................. 12

*Goos v. Interstate Commerce Comm'n*,
  911 F.2d 1283 (8th Cir. 1990) .............................................................. 12

*HealthNow N.Y. Inc. v. N.Y.*,
  739 F. Supp. 2d 286 (W.D.N.Y. 2010)*,*
  *aff'd*, 448 Fed. Appx. 79 (2d Cir. 2011) ............................................. 10

*Huffman v. Brooklyn College*,
  No. 20-CV-16156 (NGG) (TAM), 2022 WL 43766
  (E.D.N.Y. Jan. 5, 2022) ....................................................................... 14

*Kelly v. N.Y. Civil Serv. Comm'n*,
  632 Fed. Appx. 17 (2d Cir. 2016) ........................................................ 14

*Lapides v. Bd. of Regents of Univ. Sy. of Ga.*,
  535 U.S. 613 (2002) ............................................................................... 8

*McGinty v. N.Y.*,
  251 F.3d 84 (2d Cir. 2001) ..................................................................... 7

*Morrison v. National Australia Bank Ltd.*,
  547 F.3d 167 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010) .................... 7

*Nat'l R.R. Passenger Corp. v. McDonald*,
  779 F.3d 97 (2d Cir. 2015) ................................................................... 10

*Norwood v. Ruhle*,
  542 Fed. Appx. 83 (2d Cir. 2013) ........................................................ 11

*Papazoni v. Shumlin*,
  No. 5:15-cv-00056, 2015 WL 7281634 (D. Vt. Nov. 17, 2015),
  *appeal dismissed*, 2016 WL 11848846 (Sept. 7, 2016) ...................... 14

*Paradise Ridge Def. Coal. v. Hartman*,
  757 Fed. Appx. 536 (9th Cir. 2018) ..................................................... 12

iii

Page(s)

*Pennhurst State Sch. & Hosp. v. Halderman,*
    465 U.S. 89 (1984) ................................................................. 7, 8, 10, 14

*Santiago v. N.Y.S. Dept. of Correctional Servs.,*
    945 F.2d 25 (2d Cir. 1991) ................................................................. 9

*Seminole Tribe of Fla. v. Fla.,*
    517 U.S. 44 (1996) ................................................................. 7

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,*
    549 U.S. 422 (2007) ................................................................. 7

*Smith v. Reagan,*
    841 F.2d 28 (2d Cir. 1988) ................................................................. 8, 9

*Southwest Williamson County Community Ass'n v. Slater,*
    173 F.3d 1033 (6th Cir. 1999) ................................................................. 11

*Steinberg v. Elkman,*
    666 Fed. Appx. 26 (2d Cir. 2016) ................................................................. 11

*Tekkno Labs., Inc. v. Perales,*
    933 F.2d 1093 (2d Cir. 1991) ................................................................. 7

*Town of Portsmouth, R.I. v. Lewis,*
    813 F.3d 54 (1st Cir. 2016) ................................................................. 11

*Tuchman v. Conn.,*
    185 F. Supp. 2d 169 (D. Ct. 2002) ................................................................. 11

*Walker v. N.Y.S. Justice Ctr. for Protection of People with Special Needs,*
    493 F. Supp. 3d 239 (S.D.N.Y. 2020) ................................................................. 8

*Western Mohegan Tribe & Nation v. Orange County,*
    395 F.3d 18 (2d Cir. 2004) ................................................................. 10

## FEDERAL CONSTITUTION

United States Constitution
    Amendment XIV ................................................................. 9

Page(s)

## FEDERAL STATUTES

Administrative Procedure Act,
5 U.S.C.
    §§ 701 – 706 ........................................................................................ 6, 11
    § 701(b) ..................................................................................................... 11
    § 702 ......................................................................................................... 11
    § 706 ......................................................................................................... 11

National Environmental Policy Act,
42 U.S.C.
    §§ 4321 – 4370m-11 ................................................................................. 3
    § 4332(2) ............................................................................................. 4, 12
    § 4336(b) ..................................................................................................... 4

Value Pricing Pilot Program
23 U.S.C.
    § 149 note ................................................................................................... 3

## FEDERAL REGULATIONS

40 C.F.R.
    § 1501.6(c) .................................................................................................. 4
    § 1506.5(a) ............................................................................................. 4, 13

## FEDERAL REGULATORY PUBLICATIONS

88 Fed. Reg. 41998 (June 28, 2023) ............................................................. 5

## FEDERAL RULES

Federal Rules of Civil Procedure
    12(b) ....................................................................................................... 1, 7
    25(d) .......................................................................................................... 1

Page(s)

## STATE CONSTITUTIONS

N.Y.S. Constitution
    Article 1, § 19 ................................................................................. 14

## STATE STATUTES

N.Y. Public Authorities Law
    § 553-j ............................................................................................ 3
    § 553-k ........................................................................................ 2, 3

N.Y. Vehicle & Traffic Law
    §§ 1701 – 1706 ............................................................................ 2, 3
    § 1701 ............................................................................................ 2
    § 1704(2) ....................................................................................... 2
    § 1704-a ........................................................................................ 2
    § 1704-a(3) .................................................................................... 2
    § 1705 ............................................................................................ 2

## PRELIMINARY STATEMENT

The Eleventh Amendment to the United States Constitution bars suits against states and state agencies, including, under the circumstances here, against state officials acting in their official capacities.  The Court should accordingly dismiss for lack of subject-matter jurisdiction all causes of action in this case to the extent they are pleaded against defendant Stephanie Winkelhake, P.E., the current chief engineer of the New York State Department of Transportation ("Department"). Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Winkelhake replaces named defendant Nicholas Choubah, P.E., after his retirement.

There are three exceptions to a state's Eleventh Amendment immunity: express waiver, abrogation under federal statutes enacted pursuant to certain constitutional provisions, and actions against state officials for prospective relief from ongoing violations of federal law under *Ex parte Young*, 209 U.S. 123 (1908). The first two exceptions do not apply here because the Department has not waived its immunity and Congress has not abrogated that immunity.

Nor does the *Ex parte Young* exception apply, even though the plaintiffs have sued a state official.  While the Department remains committed to its role as project sponsor for the congestion pricing program, the complaint fails to state a claim for violation of federal law against the Department's chief engineer or any other state official.

Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court should dismiss the case as against Ms. Winkelhake with prejudice.  In the event

that the Court does not dismiss for the reasons set out in this motion, Ms. Winkelhake seeks partial summary judgment in her favor, and opposes summary judgment for the plaintiffs, for the reasons stated in the summary judgment motion and opposition papers filed by the Metropolitan Transportation Authority ("MTA") and the Triborough Bridge & Tunnel Authority ("Triborough").

## <u>BACKGROUND</u>

### A.    New York State's Congestion Pricing Statute

In April 2019, the New York State legislature enacted the Traffic Mobility Act.  N.Y. Vehicle & Traffic L. §§ 1701-1706.  One goal of the Act was to reduce traffic congestion, and related air pollution and other problems, in an area designated as the New York City central business district, which by statute includes all roads in Manhattan south of 60th Street with a few exceptions.  *Id.* §§ 1701, 1704(2).  A second goal of the Act was to create a dedicated funding source for the capital needs of the MTA relating to its subway, bus and commuter rail operations.  *Id.* § 1701.

To achieve these ends, the Act directed Triborough, a public benefit corporation affiliated with the MTA, to establish a plan to set tolls for vehicles entering or remaining in the central business district and to collect those tolls.  *Id.* §§ 1704-a, 1705.  To assist in that rate-setting process, the State Legislature created a new body, the Traffic Mobility Review Board, to provide recommendations regarding congestion toll rates, credits, discounts and exemptions to Triborough for its consideration.  *Id.* § 1704-a(3)(a); N.Y. Pub. Auth. L. § 553-k.

The Traffic Mobility Act does not mention the Department, let alone assign any responsibilities to it.  N.Y. Vehicle & Traffic L. §§ 1701-1706 *passim*; N.Y. Pub. Auth L. §§ 553-j, 553-k *passim*.  As a result, the Department and its officials have no authority to set or collect any congestion tolls.

### B.     The Federal Highway Administration's Value Pricing Pilot Program

Because there are highways that have received federal aid in the central business district, Triborough needs to obtain federal permission to implement the tolls.  The Federal Highway Administration provides such authority through its Value Pricing Pilot Program ("Value Program").  *See* 23 U.S.C. § 149 note, https://www.govregs.com/uscode/title23_chapter1_section149_notes; Federal Highway Administration, Value Pricing Pilot Program, https://ops.fhwa.dot.gov/congestionpricing/value_pricing/.  In June 2019, Triborough, along with the Department and the New York City Department of Transportation, as the three sponsors of the tolling program ("Project Sponsors"), submitted an expression of interest to the Highway Administration to obtain congestion tolling authority for Triborough through the Value Program.  Administrative Record at DOT_0038307 – DOT_0038314.

### C.     The National Environmental Policy Act

The National Environmental Policy Act ("NEPA") requires that federal government agencies undertake an environmental review of many of their proposed actions.  42 U.S.C. §§ 4321 – 4370m-11.  For actions subject to NEPA, the statute imposes on the agency a two-pronged duty to evaluate potential environmental

impacts of the proposed action and to inform the public that the agency has performed that evaluation. *Baltimore Gas & Elec. Co. v. Natural Res. Def. Council*, 462 U.S. 87, 97 (1983).

To achieve this end, a federal agency planning to undertake an action subject to NEPA must prepare an environmental assessment that sets forth the agency's determination whether the proposed project will have any "reasonably foreseeable significant effect" on the environment. 42 U.S.C. § 4336(b)(2). If the environmental assessment finds no such effects or mitigation measures will address any such effects, then the agency issues a finding of no significant impact. *Id.*; *see also* 40 C.F.R. § 1501.6(c). If, to the contrary, the assessment does reveal reasonably foreseeable significant environmental impacts, the agency must prepare an environmental impact statement that, among other things, evaluates those impacts. *Id.* § 4332(2)(C). Federal agencies may rely on environmental assessments or impact statements prepared by states or others, but retain legal responsibility for the NEPA environmental review. *See*, *e.g.*, *id.* § 4332(2)(G); 40 C.F.R. § 1506.5(a).

The Highway Administration's decision as to whether to enter into an agreement with the Project Sponsors that would authorize Triborough to implement the congestion pricing program under the Value Program is subject to NEPA. At the Highway Administration's direction, the Project Sponsors drafted an environmental assessment. *See*, *e.g.*, Administrative Record at DOT_0003544 – DOT_0003597 (executive summary of environmental assessment).

Among other things, the environmental assessment includes certain mitigation measures designed to prevent the congestion tolls from creating significant environmental impacts. Administrative Record at DOT_0003569, DOT_0003574 – DOT_0003593. The Department would be responsible for implementing a few of those mitigation measures, including installing charging stations for electric trucks, monitoring traffic conditions on state highways, implementing traffic management measures such as installing signage to address changes in traffic patterns, and planting vegetation to reduce air pollution from changes in traffic patterns. Administrative Record at DOT_0003569, DOT_0003575, DOT_0003585 – DOT_0003586, DOT_0003591 – DOT_0003593.

Based on the analysis provided in the environmental assessment, the Highway Administration concluded that there were no significant environmental impacts, and in June 2023 it issued a finding of no significant impact. *See*, *e.g.*, 88 Fed. Reg. 41998, 41998 (June 28, 2023).

## D.  **This Litigation**

On November 22, 2023, the two initial plaintiffs filed their original complaint in this Court [ECF No. 1]. On February 21, 2024, the initial plaintiffs along with additional plaintiffs filed an amended complaint ("Complaint") [ECF No. 34].

The Complaint names four federal defendants: the United States Department of Transportation, the Federal Highway Administration, and two Highway Administration officers in their official capacities. The Complaint also names the following as defendants: the MTA, Triborough, and in their official

5

capacities the chief engineer of the Department, now Ms. Winkelhake, and the assistant commissioner of policy for the New York City Department of Transportation.

The Complaint includes five causes of action.  The first cause of action alleges that the Highway Administration's environmental assessment and finding of no significant impact violate NEPA and the Administrative Procedure Act, 5 U.S.C. §§ 701 – 706.  Complaint ¶¶ 144 – 172.  The second cause of action alleges that there are events subsequent to the issuance of the environmental assessment and finding of no significant impact that require supplementation of the environmental review under NEPA, and that the Highway Administration has violated NEPA by deciding not to undertake such supplementation.  *Id.* ¶¶ 173 – 184.

The third cause of action asserts that the congestion tolling violates the dormant commerce clause limitations on state action under the United States Constitution.  *Id.* ¶¶ 185 – 193.  The fourth cause of action alleges that the tolling violates the right to travel under the United States Constitution.  *Id.* ¶¶ 194 – 201. Finally, the fifth cause of action alleges that the congestion pricing program will cause increases in air pollution in violation of the recently adopted Green Amendment to the New York State Constitution, which provides that New Yorkers have a right to "clean air and water, and a healthful environment."  *Id.* ¶¶ 202 – 210.  There is no allegation in the Complaint that the Department or any Department official has the authority to set or collect congestion tolls, or will in fact do so.

As substantive relief, the Complaint requests injunctive and declaratory relief regarding the NEPA review and declaratory relief regarding the alleged constitutional violations.  *Id.* at 49.

## ARGUMENT

### THE COURT DOES NOT HAVE SUBJECT-MATTER JURISDICTION BECAUSE THE ELEVENTH AMENDMENT IMMUNIZES THE DEPARTMENT AND ITS OFFICIALS FROM THIS SUIT

#### A.    The Eleventh Amendment Bars Suit Against the Department and Its Officials

Federal Rule of Civil Procedure 12(b)(1) authorizes motions to dismiss for lack of subject-matter jurisdiction, and the plaintiffs bear the burden of establishing such jurisdiction.  *See*, *e.g.*, *Morrison v. National Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010).  Before ruling on the merits, a federal court must first determine "that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction)."  *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007).

The Eleventh Amendment to the United States Constitution "reflects 'the fundamental principle of sovereign immunity [that] limits the grant of judicial authority in Art. III.'"  *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 64 (1996) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984)).  Accordingly, Eleventh Amendment immunity is a threshold jurisdictional issue.  *See*, *e.g.*, *McGinty v. N.Y.*, 251 F.3d 84, 100 (2d Cir. 2001) (district court lacked subject-matter jurisdiction because of Eleventh Amendment immunity); *Tekkno Labs., Inc. v. Perales*, 933 F.2d 1093, 1097-98 (2d Cir. 1991) (reversing preliminary injunction

7

when the Eleventh Amendment barred the relief granted); *Walker v. N.Y.S. Justice Ctr. for Protection of People with Special Needs*, 493 F. Supp. 3d 239, 246 (S.D.N.Y. 2020) (dismissal under Eleventh Amendment is for lack of subject-matter jurisdiction).

The Eleventh Amendment precludes suits "in which the State or one of its agencies or departments is named as the defendant." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *accord Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990); *see also DeFranco v. Dept. of Envtl. Conserv.*, No. 16-2014, 2017 WL 1497977, at *5 (E.D.N.Y. Apr. 26, 2017) (dismissing claims against New York State agency).  This is so even if instead a state official is the named defendant and irrespective of the type of relief requested. *Pennhurst*, 465 U.S. at 101 – 102; *74 Pinehurst LLC v. N.Y.*, 59 F.4th 557, 570 (2d Cir. 2023) (following *Pennhurst*), *cert. denied*, 2024 WL 674658 (Feb. 20, 2024).

## B.   Neither the Waiver Exception to Eleventh Amendment Immunity Nor the Abrogation Exception Apply

There are three exceptions to Eleventh Amendment immunity, but none of them is available to plaintiffs here.  One exception is waiver by the state of its Eleventh Amendment immunity. *Smith v. Reagan*, 841 F.2d 28, 30 (2d Cir. 1988); *see also Lapides v. Bd. of Regents of Univ. Sy. of Ga.*, 535 U.S. 613, 618 – 624 (2002) (state removal of action to federal court constituted Eleventh Amendment waiver). A state's waiver of Eleventh Amendment immunity only occurs "by the most express language" or by "overwhelming implications from [a] text [that] leave no room for any other reasonable construction." *Edelman v. Jordan*, 415 U.S. 651, 673 (1974).

The Department has not waived its Eleventh Amendment immunity with regard to this litigation or, more generally, NEPA claims, dormant commerce clause or right-to-travel claims, or Green Amendment claims, nor does the Complaint allege that the Department has.

A second exception arises if Congress has abrogated Eleventh Amendment immunity through legislation enacted under section 5 of the Fourteenth Amendment to the United States Constitution. *Smith*, 841 F.2d at 30. That section authorizes Congress to enact laws enforcing the rights or restrictions established in the Fourteenth Amendment relating to citizenship, due process, equal protection, voting, service in the federal government and public debt of the United States. U.S. Const., Amend. XIV. Similarly, Congress may abrogate Eleventh Amendment immunity through legislation enacted under the Constitution's Bankruptcy Clause. *Central Va. Community College v. Katz*, 546 U.S. 356, 369 – 378 (2006).

Congressional intent to abrogate such immunity must be "unmistakably clear in the language of the statute." *Santiago v. N.Y.S. Dept. of Correctional Servs.*, 945 F.2d 25, 29 (2d Cir. 1991) (quoting *Dellmuth v. Muth*, 491 U.S. 223, 228 (1989)). Neither of the two federal statutes invoked in this case—NEPA and the federal Administrative Procedure Act—was enacted under section 5 of the Fourteenth Amendment or under the Bankruptcy Clause, or contains such unmistakable abrogation language.

### C.     The *Ex parte Young* Exception Does Not Apply

The exception under *Ex parte Young*, 209 U.S. 123 (1908), allows a claim against a state official in lieu of the state or a state agency when the claim "alleges an ongoing violation of federal law" and "seeks relief properly characterized as prospective." *Western Mohegan Tribe & Nation v. Orange County*, 395 F.3d 18, 21 (2d Cir. 2004).  Even though plaintiffs have sued a Department official, *Ex parte Young* does not apply here because the plaintiffs have no basis for claiming that the Department's chief engineer or any other state official has violated federal law.

A state official may be sued under *Ex parte Young* only to enjoin a violation of federal law. *Western Mohegan Tribe & Nation*, 395 F.3d at 21; *Nat'l R.R. Passenger Corp. v. McDonald*, 779 F.3d 97, 100 (2d Cir. 2015) (*Ex parte Young* allows "suits against state officers alleging a violation of federal law and seeking injunctive relief that is prospective in nature"); *HealthNow N.Y. Inc. v. N.Y.*, 739 F. Supp. 2d 286, 294 (W.D.N.Y. 2010) ("A plaintiff properly invokes the *Ex parte Young* exception only when state officials are actively violating federal law or imminently threatening acts that the plaintiff challenges as unconstitutional") (citation and internal quotation marks omitted)*, aff'd*, 448 Fed. Appx. 79 (2d Cir. 2011) (summary order).  The rationale for the *Ex parte Young* exception is that a state cannot authorize action contrary to federal law, so an allegation that a state official has acted contrary to federal law "strip[s]" the official of the "official authority" under state law that would otherwise immunize the official from suit. *Pennhurst*, 465 U.S. at 103.  Thus, *Ex parte Young* does not apply when "the allegations in the complaint

fail to state a violation of federal law" against a state official.  *Tuchman v. Conn.*, 185 F. Supp. 2d 169, 175 (D. Ct. 2002).

As explained below, the Complaint's causes of action for violations of NEPA, the federal Constitution, and the New York Constitution all fail to state a claim for violation of federal law against the Department's chief engineer, making the *Ex parte Young* exception unavailable.  *See, e.g.*, *Steinberg v. Elkman*, 666 Fed. Appx. 26, 28 (2d Cir. 2016) (summary order) (*Ex parte Young* did not apply when governor did not enforce or review decisions being contested); *Norwood v. Ruhle*, 542 Fed. Appx. 83, 84 (2d Cir. 2013) (summary order) (*Ex parte Young* did not apply when state officials did not have relevant legal authority).

### 1.    *The NEPA Causes of Action Fail to State a Claim Against Ms. Winkelhake*

Because NEPA creates no cause of action, claims for violation of NEPA are brought under the federal Administrative Procedure Act, 5 U.S.C. §§ 701 – 706.  *See, e.g., Brodsky v. U.S. Nuclear Reg. Comm'n*, 704 F.3d 113, 119 (2d Cir. 2013).  But state agencies or state officials are not subject to suit under the Administrative Procedure Act.  *See, e.g.*, 5 U.S.C. §§ 701(b)(1), 702, 706; *Town of Portsmouth, R.I. v. Lewis*, 813 F.3d 54, 64 (1st Cir. 2016); *Southwest Williamson County Community Ass'n v. Slater*, 173 F.3d 1033, 1035 – 36 (6th Cir. 1999) (citing cases).  Accordingly, no valid Administrative Procedure Act cause of action for violation of NEPA lies against any state official.

In addition, NEPA is a federal statute that governs federal agencies and creates no legal obligations for state agencies like the Department or state officials.

*See*, *e.g.*, 42 U.S.C. § 4332(2) (setting out requirements for "all agencies of the Federal Government"); *Paradise Ridge Def. Coal. v. Hartman*, 757 Fed. Appx. 536, 538 (9th Cir. 2018) ("NEPA applies to federal agencies, not state agencies"); *Goos v. Interstate Commerce Comm'n*, 911 F.2d 1283, 1293 (8th Cir. 1990) (NEPA "focuses on activities of the federal government and does not require federal review of the environmental consequences of private decisions or actions, or those of state or local governments") (citation and internal quotation marks omitted).  Inasmuch as NEPA does not apply to state officials, it imposes no duties on those officials, and no valid cause of action for violation of the duties exists.  *See*, *e.g.*, *Garcia v. Akwesasne Housing Auth.*, 268 F.3d 76, 88 (2d Cir. 2001) (*Ex parte Young* exception is available only if the law invoked "appl[ies] substantively to the agency").

It is true that the Department, as a Project Sponsor of the congestion pricing program, participated in preparation of the environmental assessment that the Highway Administration issued and relied on in issuing its finding of no significant impact under NEPA, and Ms. Winkelhake's predecessor signed that assessment on behalf of the Department in its role as Project Sponsor.  The Complaint includes no meritorious allegation that the environmental assessment failed to evaluate any potential significant environmental impact from the program or has any other material NEPA defect.

But even if there were such a defect, any challenge to the issuance of the finding or the assessment would lie against one or more federal defendants, not the Department's chief engineer.  *See*, *e.g.*, 42 U.S.C. § 4332(2)(G) (federal official

12

retains NEPA responsibility); 40 C.F.R. § 1506.5(a) (federal agency "is responsible for the accuracy, scope . . . and content of environmental documents prepared . . . by an applicant").  In addition, as stated above (at 5), upon implementation of the program the Department would have limited responsibility for certain mitigation measures.  But those are not statutorily required, and in any event the plaintiffs have identified no role of the chief engineer in implementing those measures and no purported legal defect in those measures.

2.      *The Federal Constitutional Causes of Action Fail to State a Claim Against Ms. Winkelhake*

As noted above (at 6), two of the plaintiffs' claims assert violation of the United States Constitution, namely, the dormant commerce clause and the right to travel.  Again, the Complaint includes no meritorious allegation that the congestion tolling program has caused or will cause any such violation.

But even if there were such a violation, it would arise from the tolls over which the Department and its chief engineer have no responsibility.  *See*, *e.g.*, Complaint ¶¶ 25, 41, 62, 185 - 201 (not identifying any role of the Department or any of its officials in setting or collecting congestion tolls and describing purported unconstitutional impacts of such tolls).  Thus any claim of such violation would not lie against the Department's chief engineer.  *See*, *e.g.*, *Collins v. City Univ. of N.Y.*, No. 21 Civ. 9544 (NRB), 2023 WL 1818547, at *5 (S.D.N.Y. Feb. 8, 2023) (*Ex parte Young* did not apply to officers who lacked authority over disputed issue); *see also Carvel v. Cuomo*, 357 Fed. Appx. 382, 383 (2d Cir. 2009) (complaint failed to state a claim for violation of federal law when it did not allege that state official violated

13

any federal laws or had any involvement in constitutional violations); *Papazoni v.*

*Shumlin*, No. 5:15-cv-00056, 2015 WL 7281634, at  *2 n.2 (D. Vt. Nov. 17, 2015)

(same)*, appeal dismissed*, 2016 WL 11848846 (Sept. 7, 2016).

3.   *The State Constitutional Cause of Action Fails to State a Claim*
     *Against Ms. Winkelhake*

"It is well-established that '[t]he Eleventh Amendment bars federal suits

against state officials on the basis of state law.'"  *Carvel*, 357 Fed. Appx. at 383

(quoting *Allen v. Cuomo*, 100 F.3d 253, 260 (2d Cir. 1996)); *see also Kelly v. N.Y.*

*Civil Serv. Comm'n*, 632 Fed. Appx. 17, 18 (2d Cir. 2016) (summary order) (*Ex parte*

*Young* "does not allow a federal court to issue an injunction for a violation of state

law") (citing *Pennhurst*, 465 U.S. at 106); *Huffman v. Brooklyn College*, No. 20-CV-

16156 (NGG) (TAM), 2022 WL 43766, at *2 (E.D.N.Y. Jan. 5, 2022) (*Ex parte Young*

did not apply to claims under state and municipal law).  Accordingly, no cause of

action against the Department's chief engineer or any other state official is

available for purported violation of the new Green Amendment to New York's

Constitution.

Even if such state-law relief were otherwise available under *Ex parte Young*,

however, it would not be available here for the same reasons as for the federal

constitutional causes of action.  The Green Amendment provides that "[e]ach person

shall have a right to clean air and water, and a healthful environment."  N.Y.S.

Const., Art. 1, § 19.  Triborough has not yet set the congestion tolls and thus there

has been no action that might affect air, water or other aspects of the environment.

Even if there were such a violation, however, it would not be the predicate for a

valid claim against the Department's chief engineer given that the Department has no role in setting or collecting the tolls.

## <u>CONCLUSION</u>

The Court should grant this motion and dismiss Ms. Winkelhake from this case with prejudice.

Dated:  New York, New York
        April 1, 2024

Respectfully submitted,

LETITIA JAMES,
ATTORNEY GENERAL OF THE STATE
OF NEW YORK

By:  _/s/ Andrew G. Frank_
        Andrew G. Frank
        Assistant Attorney General
        New York State Attorney General's
           Office
        28 Liberty Street
        New York, NY 10005
        Telephone:  (212) 416-8271
        E-mail:        andrew.frank@ag.ny.gov

*Attorneys for Defendant Stephanie Winkelhake, P.E., in her official capacity as chief engineer of the New York State Department of Transportation*