UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIZABETH CHAN, et al.,

        Plaintiffs,

        v.

UNITED STATES DEPARTMENT OF
TRANSPORTATION, et al.,

        Defendants.

Case No. 23-cv-10365-LJL
[rel. 1:24-cv-01644-LJL]
[rel. 1:24-cv-000367-LJL]

## DECLARATION OF RACHEL EHRENPREIS

I, Rachel Ehrenpreis, declare under penalty of perjury that the following statements are true and correct:

1. My name is Rachel Ehrenpreis. My family and I live in the Lower East Side, directly adjacent to the FDR Drive. Our apartment sits on a low floor, with windows overlooking the very area of the FDR Drive that is slated to have increased congestion as a result of the proposed CBD toll, risking increased pollution and potential health risks for us any time we leave our apartment, or even within.

2. Our area is mostly residential, with relatively low building heights and only local stores. To my knowledge, there are very few, if any, "commercial" buildings with offices with the potential to create commuter congestion – that is simply not the makeup of the area in which we live. The nearest subway is approximately 3/4s of a mile from our apartment. This distance, coupled with how dangerous the subway has become, makes taking the subway infeasible.

3. Two of my children attend school outside of the zone, on the Upper East Side, as there are no Orthodox Jewish girl high schools within the zone. We drive them to school, and,

1

should this be implemented, the program will result in us being forced to pay the peak CBD toll every single school day simply to take our children to school.

4. We keep strictly kosher, and to my knowledge, there are no kosher grocery stores within the CBD zone. In order to observe religious dietary requirements, we travel to grocery stores in Brooklyn and the Upper East Side.

5. We often visit our immediate and extended family, nearly all of whom live outside of the zone, including in Brooklyn (where my husband and I grew up and most of our families still live), the Upper West Side (where my sisters-in-law live), and Rockland County (where two of our children live). In Rockland County, I am particularly worried about the impact of the tolling scheme on my families' lives, as every category of pollutant is set to increase in the area. Our ability to visit family and return home, or for them to visit us, will be significantly impacted by the implementation of this CBD toll.

6. Essentially, this so-called "congestion pricing" fee scheme, applied in an area with little-to-no commuter congestion, is a fee that creates a discriminatory impact on residents within the zone, many of whom are middle-class, or even low-income, residents. It creates a system in which our freedom of movement is severely restricted as we will be charged for returning to our very own homes, creating a de-facto ghetto of sorts where residents who cannot afford the thousands of dollars in additional costs per year (post-tax) will be prevented from leaving their homes, unlike any other area of New York State, or, indeed, the country.

7. Overall, it is clear that the tolling scheme risks the health of LES residents, including myself and my family, and will limit my and my family's travel and enjoyment of areas outside the CBD.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 15, 2024
      New York, New York

_____
Rachel Ehrenpreis