**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL      212.763.0883
DIRECT EMAIL    rkaplan@kaplanhecker.com

June 11, 2024

**VIA CM/ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl St.
New York, N.Y. 10007

Re: *Chan v. U.S. Dep't of Transp.*, No. 23 Civ. 10365 (S.D.N.Y.) (LJL) ("*Chan*"); *Mulgrew v. U.S. Dep't of Transp.*, No. 24 Civ. 1644 (S.D.N.Y.) (LJL) ("*Mulgrew*"); *New Yorkers Against Congestion Pricing Tax v. U.S. Dep't of Transp.*, No. 24 Civ. 367 (S.D.N.Y.) (LJL) ("*New Yorkers*"); *Trucking Ass'n of N.Y. v. Metro. Transp. Auth.*, No. 24 Civ. 4111 (S.D.N.Y.) (LJL) ("*Trucking*")

Dear Judge Liman:

We write on behalf of the Metropolitan Transportation Authority ("MTA"), the Triborough Bridge and Tunnel Authority ("TBTA"), and the Traffic Mobility Review Board (collectively, the "MTA Defendants") concerning the schedule in the above-captioned cases and in response to Your Honor's order dated June 10, 2024 ("the June 10 Order"). *See, e.g.*, *Trucking*, ECF 34.

To directly address the question about mootness posed by Your Honor in the June 10 Order, it is the MTA Defendants' position that the cases are not moot. As the Court has explained, "interim relief or events" can render a case moot when they "have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." *Saba v. Cuomo*, 535 F. Supp. 3d 282, 289 (S.D.N.Y. 2021) (Liman, J.). But that is not the situation here. Governor Hochul's recent announcement that she intended there to be a pause with respect to implementation of the Manhattan Central Business District Congestion Pricing Program (the "Program"), *see, e.g.*, *Chan*, ECF 91, does not affect the legal status of the Finding of No Significant Impact ("FONSI"). While the timetable for proceeding with the Program certainly has changed because of the Governor's announcement, the Program has merely been paused, not canceled, so a live case or controversy still exists. *See Dominion Cap. LLC v. Shiftpixy, Inc.*, No. 19 Civ. 6704, 2020 WL 114515, at *3 (S.D.N.Y. Jan. 10, 2020) (case still live when defendant "paused" the allegedly offending conduct without "unequivocally committing" to "not engaging in [such] conduct in the future"); *Saba*, 535 F. Supp. 3d at 295-98 (similar when defendant promised to adjourn the challenged policy concerning driver's licenses in favor of the policy plaintiff sought).

KAPLAN HECKER & FINK LLP

2

We also have a few proposed suggestions concerning how the Court and the parties may wish to proceed in light of the Governor's decision:

First, for obvious reasons, the MTA Defendants respectfully submit that the claims and issues that have been fully briefed and argued before Your Honor in *Chan*, *New Yorkers*, and *Mulgrew* no longer need to be decided before June 30, 2024. We still believe, however, that those issues can and should be decided at Your Honor's convenience. *See Chan*, ECF 54, 61, 64, 67; *Mulgrew*, ECF 47, 49, 52, 63; *New Yorkers*, ECF 57, 59, 62. A determination by the Court on the validity of the FONSI is clearly in the public interest. Further, we believe that such a determination would be helpful in narrowing the issues still to be decided so that the Program can be implemented as expeditiously as possible when the current pause is lifted. The MTA Defendants sincerely apologize for the "hurry up and wait" nature of the proceedings so far, and we will advise the Court of a newly determined implementation date as soon as it is identified.

Second, because the Program will no longer be implemented on June 30, the MTA Defendants respectfully request that the current deadlines for the preliminary injunction motion in *Trucking* be adjourned *sine die*. *See Trucking*, ECF 23. With the Program on pause, there can be no conceivable threat of irreparable injury and no need to enjoin any upcoming implementation of the Program. *See Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (per curiam). As indicated in their letter (*Trucking*, ECF 36), the *Trucking* Plaintiff consents to this request.

Finally, we respectfully request that we be given until July 1, 2024 to speak with our clients and then to meet and confer with counsel for the parties in all pending cases in order to submit a proposed plan and schedule, hopefully jointly, for litigating the cases moving forward. The reason for this date is that the MTA and TBTA Boards are set to meet on June 26, 2024, where they will discuss, in part, the Governor's recent decision and how to move forward. Our hope is that, by that point in time, the MTA Defendants will have more information about the timing and implementation of the Program. Defendants the United States Department of Transportation, Federal Highway Administration, Shailen Bhatt, Richard J. Marquis, and the New York City Department of Transportation agree with this proposed schedule to allow for there to be appropriate time to meet-and-confer among the parties and report back to the Court.[1]

Respectfully submitted,

Roberta A. Kaplan

---

[1] The MTA Defendants have similarly communicated with Judge Gordon and the parties in *State of New Jersey v. United States Department of Transportation* concerning the status of those proceedings in the wake of the Governor's announcement. No. 23 Civ. 3885 (LMG).