UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| MICHAEL MULGREW, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| - against - : | 1:24-cv-01644 (LJL) |
| : | 1:23-cv-10365 (LJL) |
| UNITED STATES DEPARTMENT OF : | |
| TRANSPORTATION, *et al.*, : | |
| : | |
| Defendants. : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ELIZABETH CHAN, *et al.*,         :
                                  :
                  Plaintiffs,     :
                                  :
        - against -               :
                                  :
UNITED STATES DEPARTMENT OF       :
TRANSPORTATION, *et al.*,         :
                                  :
                  Defendants.     :
                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTIONS FOR
PRELIMINARY INJUNCTION ON THEIR CONSTITUTIONAL CLAIMS**

1

**PRELIMINARY STATEMENT**

Plaintiffs in the *Chan* and *Mulgrew* actions submit this joint Memorandum of Law to join in the motion for a preliminary injunction brought by Plaintiff Trucking Association of New York ("TANY"), in *Truckers Association of New York v. Metropolitan Transportation Authority, et. al*, 24-cv-4111 (S.D.N.Y.),[1] with respect to the asserted constitutional claims. As the Court is aware, Plaintiffs in *Chan* and *Mulgrew* have, in claims analogous to those brought in *TANY*, challenged the implementation of the Congestion Pricing scheme as violative of the Dormant Commerce Clause and Right to Travel. Plaintiffs in *Chan* and *Mulgrew* have also alleged that Congestion Pricing violates New York's "Green Amendment" (together the "Constitutional Claims"). These claims are the subject of fully briefed motions to dismiss in all three cases.

To avoid unnecessary duplicate briefing, as indicated to the Court in the conference held on November 21, 2024, Plaintiffs in *Chan* and *Mulgrew* adopt the below arguments as set forth in the TANY motion for preliminary injunction and adopt and incorporate the arguments already made in the motions to dismiss.

**ARGUMENT**

**I.      Violation of The Dormant Commerce Clause and Right to Travel**

A. <u>Likelihood of Success</u>:  Plaintiffs adopt and join in TANY's arguments regarding likelihood of success on the merits, particularly with regard to excessiveness of the toll in relation to the (lack of) benefits conferred upon Plaintiffs, the absence of a fair approximation of use and the infringement of the right to travel, particularly for those

---

[1] TANY initially filed its motion for a preliminary injunction on May 30, 2024. As a result of the Congestion Pricing "pause," the Court held the motion in abeyance and the parties instead proceeded to motion to dismiss briefing. *TANY* ECF No. 39, 45, 52. It is Plaintiffs' understanding that TANY intends to rest on its existing May 30, 2024 submission now that the pause, and thus the reason for holding the motion in abeyance, has ended.

2

who reside inside the zone. *See* TANY's Memorandum of Law in Support of Motion for Preliminary Injunction, 24-cv-4111 (S.D.N.Y.), ECF No. 4. The merits of these claims have also been briefed by Plaintiffs in opposition to the pending motions to dismiss the Constitutional Claims and are incorporated by reference. *Mulgrew, et al. v. U.S. Dep't of Transp., et al.*, No. 24 Civ. 1644 (S.D.N.Y.); ECF No. 118; *Chan, et al. v. U.S. Dep't of Transp., et al.*, No. 23 Civ. 10365 (S.D.NY.), ECF No. 130.

B. <u>Other Preliminary Injunction Factors</u>: Plaintiffs adopt and join in TANY's arguments with regard the other factors required for a preliminary injunction. Specifically, that an asserted constitutional violation constitutes irreparable harm and that it cannot be a hardship or contrary to the public interest for Defendants to be prevented from implementing a program that is likely to violate constitutional rights. *See TANY* ECF No. 4.

## II.     Violation of the New York State Constitution "Green Amendment"

A. <u>Likelihood of Success</u>:   The merits of this claim have also been briefed on the pending motions to dismiss the Constitutional Claims and are incorporated by reference. *Mulgrew* ECF No. 118; *Chan* ECF No. 130. As set forth fully in Plaintiffs' opposition to the motions to dismiss, Defendants have, pursuant to NEPA, disclosed environmental impacts that would harm Plaintiffs and trammel on their individual constitutional rights. Article 1, Section 19 of the New York State Constitution, known as the "Green Amendment," guarantees the substantive – rather than purely procedural – right of each and every New Yorker to "clean air and water, and a healthful environment." By admittedly planning to increase air pollution in particular localities with limited mitigation, Defendants have violated Plaintiffs' state constitutional rights

and will cause both constitutional and actual harm should the program move forward. NEPA, which does not prohibit environmental harm – only imposing procedural requirements on federal agencies – is not a substitute for an analysis of substantive, individual state constitutional rights. Indeed, *Matter of Streeter*, relied upon by Defendants, expressly provides that that the Green Amendment requires municipal agencies to take "appropriate action regarding the amendment's impact on their decision-making processes" to ensure those processes do not trammel New Yorkers' substantive rights. *Matter of Streeter v. N.Y.C. Dep't of Env't. Prot.*, 83 Misc.3d 417, 422-23 (N.Y. Sup. Ct. N.Y. Cnty. 2024). Defendants do not even claim to have incorporated the Green Amendment into their analysis, instead asserting that the Green Amendment creates no rights for Plaintiffs and no obligations for Defendants other than those already existing under NEPA.[2]

B. <u>Other Preliminary Injunction Factors</u>: TANY's arguments regarding the sufficiency of constitutional injury and likelihood of success on the merits in an application for preliminary injunction where constitutional claims are asserted apply equally to Plaintiffs' state constitutional claims and are adopted with regard to the Green Amendment claim as well. Specifically, that where a constitutional violation is asserted, such violation constitutes irreparable harm and that it cannot be a hardship or contrary to the public interest for Defendants to be prevented from implementing a program that is likely to violate constitutional rights. *Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir. 1984) ("When an alleged deprivation of a constitutional right is involved, most Courts hold that no further showing of irreparable injury is necessary."). In

---

[2] Defendants' invitation to have this Court decide, on an issue of first impression, that a new State constitutional provision is a nullity argues to be an intrusion on State sovereignty.

addition to the clear constitutional injury, Plaintiffs have also set forth in declarations supporting their initial summary judgment papers the environmental and other irreparable harm they and their families will suffer if Congestion Pricing is implemented. Supplemental Declaration (Supp. Decl.) of Elizabeth Chan, ECF No. 78-4, ¶¶ 2-7 (describing environmental and other harms to her family, including her youngest child who has special needs and complex medical concerns); Chaim Katz Decl., ECF No. 78-14, ¶¶ 3-5, 13 (describing environmental harm to his large family and surrounding community); Rachel Ehrenpreis Decl., ECF No. 78-15, ¶¶ 1, 5 (describing environmental harm to herself and her family on the Lower East Side as well as family in surrounding areas that will be impacted); Sean Carney Decl., ECF No. 78-16, ¶¶ 2-3 (describing environmental harm that will exacerbate existing medical conditions as well as harm to his ability to engage in his profession). The most recent iteration of the toll, phasing-in to the full toll amount, will not eliminate this harm as there will still be diversion of traffic and an increase in pollutants in areas where Plaintiffs and their families live and work. DOT_0045538-40.

Dated: New York, New York
November 29, 2024

**STEPTOE LLP**

By:   /s/ Alan M. Klinger
Alan M. Klinger
Dina Kolker
David Kahne
1114 Avenue of the Americas
New York, New York 10036
(212) 506-3900
aklinger@steptoe.com

*Co-Counsel for the Mulgrew and Chan Plaintiffs*

5

| | |
|---|---|
| Of Counsel: | -and- |
| Carly Rolph<br>Alexander Langer | BETH A. NORTON, Esq.<br>United Federation of Teachers<br>52 Broadway<br>New York, NY 10004<br>(212) 701-9420 |

*Co-Counsel for the United Federation of Teachers and Individual Plaintiffs*

-and-

THE OFFICE OF LOUIS GELORMINO, Esq. & FONTE & GELORMINO LEGAL GROUP
2550 Victory Blvd.
Suite 304
Staten Island, NY 10314
(917) 968-1619
(718) 720-4949

*Co-Counsel for Vito J. Fossella*